## [14] DUNN v. CHOATE.

In order to entitle a party to recover in an action for specific property, it is incumbent on him to prove a property in himself, either general or special, and a present right of possession at the time of bringing the action; a mere reversionary interest is not sufficient.

The plaintiff's own deed, in which he reserves a reversionary interest, is not sufficient evidence to entitle him to recover in an action brought against a third party after the happening of the event upon which the reversionary interest was to come into possession. There must be some proof of title in the plaintiff when he executed the deed.

The execution of a deed and its loss being proved, it is competent to prove, by a witness who has examined it and knows the fact, the correctness of a copy. (Note 3.)

It is not sufficient proof of the loss of an instrument to prove the declarations merely of the person in whose custody it was at the time.

If it be proposed to prove by parol the contents of a lost deed, it must in general be shown that inquiry has been made after the deed, and the loss of it must be proved by the person in whose custody it was at the time of the loss, if he be living, and if he be dead, application should be made to his representatives, and search be made amongst the documents of the deceased.

In an action to recover a slave or other personal property specifically, demand before suit is not necessary, except for the purpose of entitling the plaintiff to damages for the detention between the time of the demand and the commencement of the suit. (Note 4.)

Appeal from Robertson. Suit was brought at the Spring Term, 1848, of the District Court by appellee, against the appellant, to recover a negro woman claimed by the former as his property wrongfully withheld from him by the latter.

The petition alleges, in substance, that the plaintiff is the lawful owner and entitled to the possession of a certain negro woman named Caroline, of the value of $1,000; that in the year 1833 he executed a deed of gift of said slave to his infant granddaughter Nancy Vaughn, daughter of James and Nancy Vaughn, prohibiting the sale or disposition of said slave until the said Nancy should be of lawful age; and in event of the death of the said Nancy before that period, the slave was to revert back to the plaintiff; that the slave came into the possession of the defendant in 1841; that the [15] defendant refuses

to deliver and unjustly detains the said slave, concluding with a prayer for judgment for the slave specifically, and hire, &c.

The defendant answered, pleading first, "not guilty;" second, that the slave in question is not the property of the plaintiff, but is the property of the defendant, "purchased by him for a full and valuable consideration of a sec-"ond party, and that this defendant is a third party and innocent purchaser "without notice," &c.; third, that "he is the *bona fide* purchaser and owner "of said negro slave Caroline, and that he has been in possession of her for a "long space of time, to wit, for a longer time than two years, under color of "title, and that plaintiff's cause of action did not accrue within two years "next before the commencement of this suit."

At the Spring Term, 1849, the plaintiff took leave to amend, and there is transcribed what purports to be an amendment of the petition, which, the clerk certifies, is found on the back of the original petition, without any mark of a filing or anything in the record to show when it was made. To the second and third pleas of the defendant the plaintiff excepted, and his exceptions were sustained.

The record contains a statement of facts, embracing a statement of the rulings of the court upon the admissibility of evidence and the evidence adduced at the trial. The plaintiff proved by the witness Vaughn that the original deed of gift from Joseph Choate to Nancy Vaughn, of the negro woman Caroline, had been in his possession; that he brought it from Tennessee to Texas in 1837, and had it recorded in Harrisburg county. The witness also testified concerning the loss of the instrument when in the custody of Judge Johnson, and that a copy which was offered in evidence by the plaintiff was a true copy of the original. He further testified that he had married Judah Choate, daughter of Joseph Choate, the plaintiff, and that Nancy Vaughn was the daughter of the witness and said Judah; that said Nancy died without issue in May, 1847, under lawful age; that Joseph Choate had given to his granddaughter [16] Nancy Vaughn the negro girl Caroline, in Tennessee, and executed a deed of gift, of which that produced was a copy; that he, (witness,) with his wife and daughter Nancy, had removed from Tennessee to Texas in 1837, bringing the girl with him. There was testimony showing the possession and claim of the defendant to the negro; but there was no proof of a demand of the negro by the plaintiff nor by any one proved to have been acting by his authority. The deed of gift is embraced in the statement of facts, and purports to be a deed of gift of the girl Caroline by the plaintiff to his granddaughter Nancy Vaughn, with a prohibition of sale until the said Nancy should become of lawful age, and conditioned to revert to the plaintiff in case of her death before that time. The defendant objected to the evidence of the witness Vaughn, and to the introduction of the copy of the deed of gift, for various reasons set forth in his bill of exceptions, but the objections were overruled. There was a verdict for the plaintiff, a motion for a new trial overruled, and judgment for the plaintiff upon the verdict, and the defendant appealed.

*Gillespie* and *J. B. Jones*, for appellant. It was error to admit the copy of the deed from the plaintiff to his granddaughter without further proof of the existence and loss of the original. It is a well-settled principle of law that the best attainable evidence which the nature of the case is susceptible of should be produced. The plaintiff below only offered hearsay and secondary. Judge Johnson, from their own showing, would have been enabled to give a better account of the loss than any of the witnesses examined. The only evidence offered to the court to let in the copy was the loss of a paper document and the correctness of the copy offered. It was not proved in anywise; the subscribing witnesses were not called nor their absence accounted for; not even the genuineness of their handwriting or of the maker proved.

The motion for a new trial ought to have been sustained. The proof did not show any right whatever in the plaintiff. [17] We have no evidence of

## Dunn v. Choate.

the plaintiff except what he made and says himself.    The witness Vaughn proves only the gift, but establishes no right, even by possession; and his testimony, aside from the deed of gift, shows the property to be in the heirs of his deceased child, the plaintiff's granddaughter.

No demand was proved.    The petition and evidence show that the negro came to the possession of the defendant below lawfully.    He then could be guilty of no wrong until demand and refusal.    When the possession is lawful, a demand must be proved.    Conversion being the gist of the action, no suit could be sustained.    (Toml. Law. Dic., TROVER.)

*Lewis, Rivers* and *Jewett*, for appellee.    The loss of the original deed of gift, was established by competent proof.    Its existence was first established, and then its loss shown.

. No demand was necessary before suit, because the action is not in the nature of trover, to recover damages for the conversion of the negro, but a suit for the restitution of the specific property unlawfully detained by Dunn.

WHEELER, J.    Of the several errors assigned, it does not become necessary, in. the view we have taken of the case, to consider particularly but the one regarded as most material; that is, as to the ruling of the court in refusing a new trial.

To entitle the plaintiff to recover in this action, it was incumbent on him to prove a property in himself, either general or special, in the slave.    (1 Wash. R., 308; 2 Stark. Ev., 280.)    And a *present right* of possession is essential to the right of action; a mere reversionary interest is not sufficient; and the right must exist at the time of bringing the action.    (Ib; 7 T. R., 9.)    The only evidence offered to. prove the plaintiff's property and right to recover was the proof of his own deed of gift and the testimony of the witness Vaughn to the fact of the making of the deed of gift, and the possession and removal by him of the negro from Tennessee to Texas.    It seems clear that this evidence was not sufficient to prove property, [18] either general or special, in the plaintiff. There was no evidence that the plaintiff had any right or title whatever to the negro at the time of the execution by him of the deed of gift, or that she then was or ever had been in his possession.    And the mere fact of his execution of the deed of gift cannot surely, in any action instituted by him to recover the property named in it, amount to proof of his property therein and right to make the gift.    So to hold would be to permit a party to manufacture his own evidence.    The testimony of the witness Vaughn seems to have been introduced merely for the purpose of proving the deed of gift and the happening of the event upon which the title was, by the terms of the gift, to revert to the giver. He testifies to no fact touching the plaintiff's title or right to make the gift, and his testimony is not regarded as amounting to proof of property in the plaintiff. Had there been evidence of property or possession in the plaintiff at the time of execution of the deed of gift, it would have presented a very different case. But there is in the record no proof of ownership or property in the plaintiff. The verdict, therefore, as to this essential fact was without evidence, and the court erred in refusing a new trial.

As the objections to the rulings of the court upon the exceptions to the pleadings and the admissibility of evidence will doubtless be obviated by amendment and proof, if deemed necessary, it is not material now to consider them further than to remove such objections as may be again urged at the trial.    The execution of the original deed of gift and its loss being proved, it was competent to prove, by a witness who had examined it and knew the fact, the correctness of the copy in his possession.    (1 Stark. Ev., 349, 350; 6 T. R., 236.)    But it was not a sufficient proof of the loss of the instrument to prove the declarations merely of the person in whose custody it was at the time.    That person should have been introduced or his absence accounted for.    If it be proposed to prove by parol the contents of a lost deed, it must in general be shown that inquiry has been made after the deed, and the [19] loss of it must be proved

9

---

by the person in whose custody it was at the time of loss, if that person be living, and if he be dead, application should be made to his representatives, and search made amongst the documents of the deceased. (Ib; 1 Stark. Ev., 352, 2 Am. Edit.)

. No demand of the property by the plaintiff was necessary in this action before the institution of his suit. In an action to recover a slave or other personal property specifically, demand before suit is not necessary, except for the purpose of entitling the plaintiff to damages for the detention between the time of the demand and the commencement of the suit. (1 Bibb. R., 186; 4 Id., 340 ; 3 Litt. R., 46.) In an action for damages for the wrongful conversion of the plaintiff's property, the conversion must be proved ; and a demand of the property by the plaintiff, and a refusal to deliver by the defendant, is *prima facie* evidence of a conversion. (16 Conn. R., 71 ; 2 B. & C., 76 ; 7 Johns. R., 254.) But such is not the character of the present action, it being an action to recover the property specifically, not damages for its conversion.

Because there is error in the judgment of the court overruling the motion for a new trial, we are of opinion that the judgment be reversed and the cause remanded for further proceedings.

Judgment reversed.

NOTE 3.—There are no degrees in secondary evidence. An examined copy is equally admissible with a certified copy. (White *v.* Burney, 27 T., 50.)
NOTE 4.—Where no demand is proven, damages are computed from service of the writ. (Calvit *v.* Cloud, 14 T., 53.)

