## MRS. E. J. MCBRIDE v. P. J. WILLIS & BRO.

### No. 3235.

**1.  Amendment—Continuance.**—The answer of a garnishee was contested by the plaintiff.   The claimant of the fund excepted to the plea contesting the answer.   The exceptions were sustained.   The plaintiff was allowed to amend.   Counsel for the claimant then sought a continuance on grounds of her absence, and it was alleged that she did not attend for the reason that she expected her objections to the contesting plea of plaintiff to be sustained.   There were no additional facts set out in the amendment.   *Held,* such amendment was properly allowed, and the application for continuance was properly overruled.

**2.  Secondary Evidence.** — The original of an insurance policy which had been paid was returned to the original office at Boston and kept there as an archive of the company issuing and paying; such facts being shown accounted for the admission of secondary evidence of its contents.

**3.  Death of a Plaintiff Before Judgment.**—See attack upon a judgment upon alleged ground that when it was rendered one of the plaintiffs was dead, held to be insufficient and properly disregarded.

APPEAL from Hopkins.   Tried below before Hon. E. W. TERHUNE.   The opinion states the case.

*B. W. Foster, H. E. Henderson,* and *E. B. Perkins,* for appellant.—1. Where a claimant of a debt has been required to interplead, and an attempt has been made to file a controverting affidavit, such interpleading party may except to the affidavit; and if parties have announced ready for trial and the exceptions are then sustained, the court should render judgment in accord with the answer of the garnishee. Sayles' Civ. Stats., arts. 193, 211; Iglehart v. Moore, 21 Texas, 502.

2.   Where an amendment to pleading is of such a character and is presented at such a time as to take the opposite party by surprise, it shall be a cause for continuance, with costs; and an amendment of a pleading by the adverse party which renders necessary evidence not before required, and which can be procured, is ground for a continuance.   Rule 16 of District Courts; Cowan v. Williams, 49 Texas, 396; Railway v. Henning, 52 Texas, 474; Texas Transp. Co. v. Hyatt, 54 Texas, 213.

3.   The best evidence must be produced; and a written document is the best evidence of its contents, and must be produced unless it is shown that the production of the same is impossible.   Williams v. Davis, 56 Texas, 253; Cotton v. Campbell, 3 Texas, 493; 1 Whart. on Ev., secs. 60, 61; 1 Greenl. on Ev., sec. 82.

4.   Where a party dies after judgment an execution can not issue thereon until the judgment has been revived in the name of his legal representatives, or the affidavit has been filed as per statute.   Rev. Stats., art. 2272; Fowler v. Burdett, 20 Texas, 36; Scott v. Lyons, 59 Texas, 594.

*Milam & Allen,* for appellees, cited Rules for District Courts 26, 32; Hays v. Railway, 46 Texas, 272, 386; Rainbolt v. March, 52 Texas, 246; Hamilton v. Rice, 15 Texas, 382; Hall v. York, 16 Texas, 18; 1 Greenl. on Ev., secs. 74, 79, 97, 115, 118; Rev. Stats., art. 211; Bates' Law of Partnership, secs. 715, 716, 722.

*W. R. Harris,* also for appellees.

HENRY, ASSOCIATE JUSTICE.—Mrs. E. J. McBride, who was a judgment debtor of P. J. Willis & Bro., is the appellant in this cause. Her son, Ben McBride, held a policy of life insurance in the Legion of Honor for $5000. He died testate, and his mother qualified as the executrix of his will and collected the insurance money, which she deposited in her representative character in the First National Bank of Sulphur Springs. P. J. Willis & Bro. sued out, upon their judgment, a writ of garnishment against the bank. The bank answered that it held the money as the property of the estate of Ben McBride and denied being indebted to Mrs. McBride, but prayed that she should be made a party, and that the right to the money be tried between her and the plaintiffs. The bank brought the money into court. The plaintiffs contested the answer by a verified plea. Mrs. McBride appeared and excepted to and moved to quash this plea. The court sustained the motion but gave plaintiffs leave to amend, which they did.

The issue made by the pleadings was, whether the money held by the bank belonged to Mrs. McBride as an individual or in her representative character.

The cause was tried without a jury, and a judgment was rendered in favor of the plaintiffs.

Upon the filing of plaintiffs' amended pleading an application for a continuance was filed for Mrs. McBride, substantially upon the grounds that her evidence was material, and that relying upon the belief that exceptions would be sustained to plaintiffs' pleading contesting the answer of the garnishee, she was absent from the court. It is not contended that there was raised by the amendment any issue of fact not made by the pleading amended. Both pleadings were essentially the same as far as they related to facts.

There was no error committed either in permitting the amendment or in overruling the application for a continuance.

A witness was permitted to testify on the trial, that "Ben McBride took out a policy of $5000 insurance on his life, payable to his mother E. J. McBride as beneficiary, in the Legion of Honor, and proof of his death having been made out and forwarded to the supreme officers of the Legion of Honor at Boston, Mass., said officers sent to the local lodge at Carroll's Prairie a draft of $5000 payable to Mrs. E. J. McBride personally as beneficiary of said insurance. The draft was on

the treasurer of said order at Boston, Mass., and when it was received by the local lodge a meeting of the lodge was called, and Mrs. McBride there in open lodge receipted her said policy of insurance and surrendered it to the lodge, and the lodge delivered to her the draft for $5000, and the policy was sent to the officers of the supreme lodge at Boston, Mass., where it is still kept as an archive and can not be taken away; all in accordance with the laws of said order. A record of these proceedings was kept by the lodge, as is required by the laws of the order.''

The records of the lodge were produced in court, identified, and offered in evidence, and the record before us contains extracts from them showing that Mrs. McBride was treated by the lodge as the beneficiary named in the policy, and that the money was paid to her and received by her in that character in open lodge, and also showing that the laws and usages of the order were substantially such as they were testified to be by the witness. The records were fully identified and properly admitted in evidence.

It is contended that it was wrong to permit a witness to testify with regard to the contents of the policy of insurance when objected to, upon the ground that the writing itself was better evidence. The written evidence was shown to be beyond the jurisdiction of the court and not within the control of plaintiffs; and besides, the records read in evidence showed that the money was paid to Mrs. McBride as the beneficiary named in the policy. As there was no evidence whatever to the contrary, the fact that she was the beneficiary was sufficiently supported by proof to require us to sustain the findings of the court, even if we should disregard the whole of the evidence with regard to the contents of the policy.

One of the grounds of a motion for a new trial made by the appellant was, that at the time the judgment in this cause was rendered R. S. Willis, one of the plaintiffs in the original judgment, was dead. The said R. S. Willis is named in the judgment appealed from as one of the plaintiffs recovering it, and as a member of the firm of P. J. Willis & Bro. The only support given the motion in this respect was the affidavit of one of appellant's attorneys attached to it, that ''he is reliably informed and believes that the facts set forth in subdivision number 10 are true.'' It is unnecessary for us to say more upon this issue than that the court properly refused to disturb the judgment upon such a statement.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*