### SOUTHERN PACIFIC COMPANY v. JOHN HART.

Decided February 3, 1909.

**1.—Personal Injury—Defective Switch—Negligence—Charge Approved.**

In an action against a railroad company for damages for personal injuries alleged to have been caused by the defective construction or maintenance of a switch, charge upon the issue of negligence considered, and held not subject to the objection that it was contradictory and misleading.

**2.—Same—Proof of Negligence—Charge.**

A refusal by the trial court to give a special charge which did not contain anything not embraced in the main charge except a declaration of the rule that negligence is not to be inferred from the mere happening of the event, is not reversible error.

**3.—Improper Argument—Not Reversible Error, When.**

When, in a damage suit, the amount of the verdict is not immoderate, the fact that the trial court gave the jury a verbal instead of a written instruction to disregard an improper argument of counsel, no written instruction having been requested, is not sufficient cause for reversal of the judgment.

**4.—Same—Practice—Failure of Appellant to Secure Ruling of Court.**

During the argument of a case counsel for appellant contended that certain testimony upon which counsel for appellee was commenting, had been excluded on objection; counsel for appellee contended it had not; the court being in doubt directed the argument to proceed, stating that he would have the stenographer look up the matter; this the court forgot to do, and the matter was not again called to the attention of the court until the motion for new trial was filed. Held, it was the duty of appellant's counsel to remind the court and secure a ruling before the trial closed, and, failing in this, appellant could not afterwards complain.

**5.—Motion for New Trial—Misconduct of Jury—Insufficient Showing.**

A motion for new trial based upon alleged misconduct of the jury in arriving at their verdict by taking the average of the different amounts favored

by the different jurors, of which misconduct the only evidence was an affidavit of a third party that one of the jurors told him that the verdict was so arrived at, was properly overruled.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Beall & Kemp,* for appellants.

*Patterson & Wallace,* for appellee.

JAMES, Chief Justice.—The action was brought by appellee for damages for personal injury. The amended petition upon which the trial was had·alleges in substance that on March 7, 1907, plaintiff was a switchman in appellant's yards at Tucson, Arizona, assisting in switching cars; that it became necessary to pull some cars out of the track No. 7 and place them on the lead, and it became the duty of the other man to close switch No. 7 in order to prevent the cars which had been taken out of track No. 7 from running back on that track, and that the other switchman or foreman, whose duty it was to close switch No. 7, threw the switch or lever in the usual manner, but that on account of the fact that the switch was disconnected the switch points failed to move and remained in their original position, and the cars, instead of going down the lead, ran back on track No. 7 at a very rapid rate, and while plaintiff was not expecting them, and before he could get to a place of safety, he was struck by said cars and injured. The pleading alleged in several different ways negligence on the part of the defendant in failing to attach and secure the rod which moved the switch to throw the lever.

The answer was general denial, assumed risk, contributory negligence, negligence of fellow servant, and a rule No. 306. There was a verdict for plaintiff for $9,000.

Under the first assignment appellant presents the following proposition:

The charge complained of (seventh section thereof) is confusing and misleading as to a material issue, because one portion of it authorizes the jury to find the defendant guilty of negligence if the switch-rod was confined to the journal of the throw-lever with a cotter-key and washer, and the latter·part of said instruction intimates that the defendant would not be guilty of negligence if a cotter-key and washer had been used. The instruction is, therefore, contradictory of itself and misleading.

We think the section of the charge referred to can not be taken as involving a contradiction. The first part of the paragraph, in effect, states that if the switch-rod became disconnected by reason of (among other things) the use of a cotter-key with a washer (and the latter part of the paragraph), *or* if "fastened with a cotter-key either with or without a washer, but said cotter-key was permitted to become·worn and defective and broken, and because of said worn and defective condition, if any, dropped out, and you further believe from the evidence that . . . the permitting of said cotter-pin or key to become so

worn and defective and to drop out, if it did, was negligence, etc.," to find for plaintiff, otherwise for the defendant.

There is no complaint in this assignment or proposition that the first portion of the charge was wrong. The latter part of the charge was not dealing with the matter of the use of a cotter-key with washer, but to the condition of things, viz.: the use of a key with washer, the key being worn and defective.

The paragraph authorized the jury to find for plaintiff only upon a finding "that the failure to use a nut on the end of the bolt or journal to fasten same, *or* the permitting said cotter-pin or key to become so worn and defective and to drop out, if it so did, was negligence on the part of the defendant." Thus it appears clearly from the charge that it submitted negligence of the defendant only in reference to two things, viz.: the failure to use a nut, or the failure to have the cotter-pin in order, and there was nothing contradictory or ambiguous in the paragraph where it refers to the negligence of defendant and tells the jury in just what respects it must be found negligent in order to warrant a verdict for plaintiff.

The second assignment can not be sustained. The refused charge appellant says should have been given because thereby the jury would have been informed that negligence is not to be inferred from the mere happening of the event. Everything else contained in this special charge appears in the court's charge except a declaration of the above rule. (Missouri, K. & T. Ry. v. Lynch, 40 Texas Civ. App., 543.)

The third complains of this argument of counsel: "If White (a witness for defendant) in his depositions had told the truth as to how this accident happened, his job with the Southern Pacific would not have lasted longer than a snowball in Yuma." The verdict in this case was for $9,000. Plaintiff was a switchman earning over one hundred dollars a month, and he lost both his legs by the accident. The verdict was, therefore, not immoderate in amount. The bill shows that the court at the time instructed the jury not to consider the language used, and appellant did not request any written instruction on the subject. Under the circumstances, the remark, though improper, was not so obviously prejudicial as to call for a reversal of the judgment. (Hogan v. Missouri, K. & T. Ry., 88 Texas, 679; Jones v. Wright, 92 S. W., 1011; St. Louis, I. M. & S. Ry. v. Boback, 75 S. W., 476.)

The fourth complains of the refusal to grant a new trial upon the ground that plaintiff's attorney in his closing argument commented upon certain alleged testimony of plaintiff's witness, Mullady, which had been excluded by the court. Said attorney in his closing argument stated to the jury that Mullady stated upon the stand that after the accident he had reported to B. D. White that the switch was disconnected. This argument was objected to at the time as improper and as commenting on a matter not in evidence, and upon testimony that had been excluded. The bill has this explanation by the judge: That "at the time said objection to said argument and statement was made and exception taken by defendant's counsel, plaintiff's counsel contended that the alleged evidence of the witness Mullady, commented on by him, had in fact been admitted without objection; and defend-

ant's counsel on the other hand contended that it had been objected to and excluded by the court. Whereupon the court being in doubt as to what had been done, directed plaintiff's counsel to continue his closing argument, stating that in the meantime he would have the stenographer look the matter up; this the court forgot to do, and the matter was not called to his attention until the motion for new trial was presented."

It does not appear that counsel made any further allusion to said matter in his argument. We think that, under the circumstances, proper diligence on the part of appellant's counsel would have suggested and required them to remind the court of the matter before the trial closed, as the court had passed upon it only provisionally and left the matter open for a future definite ruling. We think appellant was not warranted in taking the chance of a favorable verdict and afterwards complaining. This is particularly so in view of the fact that there was a basis for the court's doubt as to whether or not the testimony had been excluded. It is pointed out by appellee that Mullady's statement that he "reported to Mr. White that night about this switch being disconnected" went in without any objection, and this was on his cross-examination by defendant. Afterwards on his re-direct examination the same testimony was objected to, and upon this occasion it was excluded.

The fifth assignment is that the verdict was contrary to the great preponderance of the evidence and unsupported by the evidence, in this, that it shows that the injury was occasioned by the negligence of plaintiff's fellow servants in respect to the working of the switch (the event occurring in Arizona where the common law doctrine of fellow servant applies) without concurring negligence on defendant's part. The sixth assignment is to the same effect. We dispose of these assignments by making the following conclusions of fact, having due regard for the verdict. We conclude that the testimony tended to show that the accident was due to a defective switch appliance, arising through the negligence of the defendant, and not to any negligence of plaintiff's fellow servants. This disposes of the seventh assignment also.

The eighth assignment complains of the refusal of a new trial for alleged misconduct of the jury. This ground of the motion was accompanied by the affidavit of Alves Dixon stating: "That a juryman named Stone told him that one of the jurymen whose name, as well as affiant now remembers, but about which he can not undertake to be absolutely positive, was Hewitt, was unwilling to give a verdict for more than $5,000; that then some one suggested that each one should set down an amount that he would be willing to give a verdict for, and then add up the several amounts and divide the sum by twelve and let that be the amount of the verdict; that then said juryman, whose name affiant thinks, as above stated, was Hewitt, said that he would be willing to act upon this suggestion provided the result would not exceed $10,000, and that it was thereupon agreed by all of the jurymen in accordance with Hewitt's amendment to the suggestion, that each one should put down an amount, and that the several sums should be added up and their sum divided by twelve, and that if the quotient

did not exceed $10,000 that it should be the verdict, and that this was done in accordance with the agreement and the result was $9,000, and that the jury thereupon accepted that amount as their verdict."

All that the record shows is the motion for new trial, the above accompanying affidavit, the action of the court overruling the motion for new trial, and the exceptions and notice of appeal. Manifestly the court did not err in refusing to grant the motion upon the affidavit, and it is not made to appear that any other showing whatever was presented to the judge on the subject.

The ninth assignment is overruled in view of what is above stated under the fourth assignment. Judgment affirmed.

*Affirmed.*

Writ of error refused.