## GOODWIN v. AMERICAN NAT. BANK OF SHREVEPORT, LA. (No. 744.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 21, 1921.)

**1. Appeal and error ⚬1043(7)—Continuance ⚬7—Application for continuance, not statutory, addressed to discretion of court.**

Applications for continuance, not statutory, are addressed to the sound discretion of the court, and ruling of the court will not be reversed unless a very clear abuse of such discretion is shown.

**2. Continuance ⚬46(5)—Sufficient diligence held not shown.**

Applications for a continuance for absent witness, which failed to show how long efforts had been made to locate the witness and whether there was any expectancy of ever locating him, nor from whom information was received that the witness was "said to be" at a certain place, held not to show sufficient diligence.

**3. Continuance ⚬19—No abuse of discretion in refusing to continue by reason of absence of defendant.**

Where defendant left the city where trial was to take place to meet an engagement made by him, under the belief that his case would not be reached on the calendar, and he missed a train and did not get back until the day after the trial, held that court did not abuse its discretion in denying a continuance when the case came up for trial.

**4. Continuance ⚬19.— Stricter showing of good cause required in case of absence of party than of witness.**

While the absence of a party in whose behalf a continuance is sought may be ground for postponing a trial, a stricter showing of good cause seems to be required than where a continuance is applied for on the ground of the absence of a mere witness.

Appeal from District Court, San Augustine County; V. H. Starke, Judge.

Action by the American National Bank of Shreveport, La., against C. C. Goodwin. Judgment for plaintiff, and defendant appeals. Affirmed.

Stephenson & Bogard, of San Augustine, for appellant.

Davis & Ramsey, of San Augustine, for appellee.

O'QUINN, J. Appellee sued appellant in the district court of San Augustine county, Tex., on a note for $750. Appellant, in his answer, alleged that he was only an accommodation signer on said note; that one Robert McIntyre negotiated a loan with appellee, for which the note was given, and that he signed same as a surety, and that at the time the original note was given, it was understood and agreed that appellee would take a mortgage on an automobile owned by said McIntyre as security for the debt; that the note in question was given in renewal of the original note, and that when it was executed, the appellant, believed that said mortgage had been given and was then in force, and that but for said understanding and belief he would not have signed either of said notes. Appellee denied that appellant was an accommodation signer, and asserted that he was a joint obligor with McIntyre, and also denied that he ever agreed to take any mortgage.

The suit was filed December 23, 1920. Defendant filed his answer January 4, 1921. The case was tried February 8, 1921. When the case was called for trial defendant made a motion for continuance on account of the absence of Robert McIntyre, the said motion alleging that if said witness were present he would testify:

"That he [Robert McIntyre] negotiated a loan with the plaintiff for the debt evidenced

by the note sued upon, and that the defendant herein signed said note as an accommodation party only, and received no benefit therefrom; and, further, that at the time the defendant signed the note, it was understood and agreed that the plaintiff was to take a mortgage lien upon one automobile which was the property of witness to secure the payment of said note; and that the defendant herein refused to go on said note until he was advised by the agent of plaintiff that it would accept the mortgage lien upon said car; and that, further, no mortgage lien was given as agreed upon, or, if given, was released by the plaintiff without the consent of this defendant; and, further, that the transaction with reference to giving the mortgage on said car was a simulated one, and such acts and conduct on the part of plaintiff's agent was fraudulent, and could serve no other purpose than to induce the defendant to sign said mortgage and make the plaintiff more secure. That the defendant has used due diligence to secure the testimony of said witness, in this: Since this said suit was filed on the 23d day of December, 1920, he has made a diligent effort to locate the said witness, who was living at Shreveport in the state of Louisiana when he last knew of his whereabouts, and upon getting in touch with parties in Shreveport he learned that the witness was said to be at Breckenridge, Tex. That he immediately made an effort to locate the witness at Breckenridge, Tex., but up to this time has failed to do so, and does not at this time know of his whereabouts. * * * "

This motion was overruled, and on the same day counsel for defendant made another motion for continuance or postponement because of the absence of the defendant, C. C. Goodwin, alleging that at the time the case was called for trial, he (counsel) was expecting defendant to arrive in San Augustine, and did not make application for a continuance on account of his absence; that on the morning the case was called for trial he learned that defendant was in Nacogdoches, Tex., some 35 miles away, and immediately placed a telephone call for defendant, and that in a short time thereafter he was informed by the telephone operator that defendant had left Nacogdoches for San Augustine; that it then appeared that defendant would not arrive before the conclusion of the trial, and that in his absence it would not be possible for counsel for defendant to offer any evidence in the defense of the cause of action asserted by plaintiff; that the testimony of defendant was material, showing its materiality, and that same could not be had, in the absence of the said witness Robert McIntyre, a motion for continuance for whom had already been overruled, from any other source; that counsel for defendant did not know why defendant was not present, but believed that he was on his way to and would arrive in San Augustine that afternoon, and asked that the case be postponed a short time to await the arrival of the defendant, or continued for the term. This motion was also overruled.

The case was tried before a jury, and, under instructions of the court, they returned a verdict for plaintiff, upon which judgment was rendered. Motion for new trial having been overruled, defendant appealed.

The action of the court in overruling defendant's motions for a continuance or postponement is the only question presented for our determination.

[1] Under the record, appellant's applications not being statutory, he was not entitled to a continuance or postponement as a matter of right, but same, being of an equitable nature, was addressed to the sound discretion of the court, and the ruling of the court will not be reversed unless a very clear abuse of such discretion is shown.

[2] There is no abuse of discretion shown in the court's overruling defendant's application for a continuance because of the absence of the witness Robert McIntyre. It will be observed from the motion that the residence of the witness is not shown, neither is it shown whether witness was a married man with a fixed place of abode, or whether he was a single man, and shifted from place to place. The application merely stated that said witness was living at Shreveport in the state of Louisiana when appellant last knew of his whereabouts, without stating when that was, and, upon getting in touch with parties at Shreveport, appellant learned that said witness was "said to be" at Breckenridge, Tex., and that he immediately made an effort to locate said witness at Breckenridge, Tex., but failed to do so, and that he did not know at that time the whereabouts of said witness. Neither was it shown just when, since the suit was filed, that defendant made the effort to locate said witness at Shreveport, nor how long before the trial that he got information that the witness was said to be at Breckenridge, Tex., nor from whom the information was received, whether from some one so situated as to have reliable information, or mere rumor. For ought disclosed by the record, said witness may be a person without any fixed place of abode, and who stays at one place only a short time, and that appellant's expectancy to locate said witness and have him or his depositions at the next term of the court are hence very uncertain. We do not believe that sufficient diligence is shown in the application for continuance on account of the absence of said witness, and that same was properly overruled. Hogan v. Railway Co., 88 Tex. 679, 32 S. W. 1035; W. U. T. Co. v. Johnsey, 49 Tex. Civ. App. 487, 109 S. W. 251; T. & P. Ry. Co. v. Huff, 99 S. W. 177; Railway Co. v. Skaggs, 32 Tex. Civ. App. 363, 74 S. W. 784; Barnhart v. K. C. M. & O. R. Co. of Texas, 184 S. W. 179.

[3] As to the motion to continue or postpone on account of the absence of appellant, the record discloses that appellant resided in San Augustine county, Tex., that he was absent on the morning the case was called for trial, but that his counsel expected him to be present, and did not ask for a continuance in the first instance because of his absence. It further discloses that appellant arrived in San Augustine the next morning and his affidavit as to the reason for his absence is attached to and made a part of his motion for a new trial, and is as follows:

"Last week I made an engagement with a party at Lufkin, and was to be in Lufkin on the 7th day of this month, being last Monday. I left San Augustine Monday morning early with the expectation of catching a train at Nacogdoches and going to Lufkin, but failed to make the connection, and had to lay over at Nacogdoches. This threw me in Lufkin on Tuesday, and I did not get back to San Augustine until next morning on the 10:40 train. Before I left San Augustine I did not know of the special setting of my case. I had a conversation with Mr. Bogard, one of my attorneys, and he told me that the case had been placed on the jury docket, but if he told me it had been set for trial on the 8th I did not understand him. I had no reason that I should not want to protect my rights, and I understood the case had been passed over the sixth week, beginning on the 7th of this month, but I knew that a murder case had been set down for trial on the 7th, and I did not have any idea that my case would be called, and from the conversation that I had previously with Judge W. C. Ramsey, one of the attorneys for the plaintiff, I did not think that any advantage would be taken, as he told me he was not disposed to push me to trial without the testimony of Robert McIntyre. I also knew that the plaintiff's attorneys had applied for some depositions of some party at Shreveport, and did not have any idea that the case would be tried before I returned to San Augustine. I did leave Nacogdoches on Tuesday morning, as the telephone operator at that place reported; she having been so advised by some one at Nacogdoches. * * *"

The case was set for trial February 8th. From appellant's affidavit, it appears that the week before he made an agreement to meet a party at Lufkin on Monday, February 7th, and that he left San Augustine early Monday morning with the expectation of catching a train at Nacogdoches and going to Lufkin, but missed connections, and had to lay over in Nacogdoches and went on to Lufkin Tuesday, the day the case was set for trial, and could not get back to San Augustine until Wednesday at 10:40 a. m. It was the duty of appellant to be present in court and give attention to his case. As was said by Judge Willson in Hannah v. Chadwick, 2 Willson, Civ. Cas. Ct. App. § 518:

"Litigants are required to be vigilant in the prosecution or defense of their causes, and will not be permitted to delay trials to subserve their own convenience, or for trifling reasons. It is quite apparent that if defendant has suffered injustice by not having his defense properly presented on the trial, it is attributable to his own carelessness and want of reasonable diligence."

[4] While absence of a party on whose behalf a continuance is sought may be ground for postponing a trial, a stricter showing of good cause seems to be required in such a case than where a continuance is applied for on the ground of the absence of a mere witness. McBride v. Willis & Bro., 82 Tex. 141, 18 S. W. 205; Ostrom v. McCloskey, 50 S. W. 1068; 6 R. C. L. 551; 74 Am. Dec. 149 (note). We do not think such abuse of discretion is shown by the court's refusal to continue the case or to postpone the trial to await the coming of appellant as would warrant a reversal of the judgment, and therefore the same is affirmed.