## NASS v. HADEN.

### No. 10127.

Court of Civil Appeals of Texas. Galveston.
Oct. 31, 1935.

Rehearing Denied Nov. 21, 1935.

Theobald & Johnston, of Galveston (William Stiglich, of Galveston, of counsel), for appellant.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellee.

PLEASANTS, Chief Justice.

The following correct statement of the nature of this suit is copied from appellee's brief:

"This litigation began March 10, 1922, when appellee, W. D. Haden, as landlord, filed suit against Joseph F. Schaefer, as tenant, under a written lease contract to establish his claim for rent for the months of November, 1921, to March, 1922, inclusive, and to establish and foreclose his landlord's lien and lease contract lien on certain personal property located in the leased premises.

"After allowing a credit of $300.00 paid on account for the month of December, 1921, appellee's claim for rent aggregated $3450.00. Five others, including appellant, Frank J. Nass, were made parties defendant because of their asserted liens and claims to the property in the leased premises.

"The petition discloses that Schaefer filed a voluntary petition in bankruptcy on January 30, 1922, and that the trustee in bankruptcy disclaimed title to the property in the leased premises, which was the subject matter of this suit, because it was burdensome.

"On April 28, 1923, Schaefer, joined by appellant and appellee, sold the property on which both litigants claimed a superior lien to American Bank & Trust Co. for $1200.00 paid to the District Clerk of Galveston County for the benefit of the parties, and to stand in lieu of the personal property.

"One of the defendants filed a disclaimer, two others had no interest in the property sold and were dismissed from the suit, and American Bank & Trust Co., under the terms of the sale of the property to it, waived its lien against the property and the proceeds of the sale and was dismissed from the suit. After Schaefer was dismissed appellant and appellee were the only remaining parties."

Appellant filed answer in the suit on February 10, 1925, which contains a general demurrer and general denial, and affirmatively pleads by cross-action against his co-defendant, Joseph F. Schaefer, and for recovery of the sum of $3,000, alleged to be due him by said Schaefer, and against plaintiff and all the defendants for foreclosure of a mortgage executed by Schaefer to secure defendant Nass in the payment of said $3,000, which said mortgage lien the owner alleges was executed and recorded prior to the liens asserted by the plaintiff, and is superior thereto.

When the cause was called for trial in the court below on November 13, 1933, the day on which it had been set for trial, the plaintiff appellee appeared in person and by attorney and announced ready for trial, and advised the court that he no longer desired to prosecute his case for foreclosure of his lien on the property in controversy against any of the several defendants other than the appellant Nass. This defendant appellant, though cited and having filed answer and being informed as to the setting of the case, failed to appear or have an attorney to represent him on the trial; "whereupon the court proceeded to hear the pleadings, evidence and argument of counsel, and being of the opinion that Joseph F. Schaefer is indebted to plaintiff, W. D. Haden, for unpaid rent during the contract year of 1921 in the sum of Twelve Hundred ($1200.00) Dollars, together with interest thereon at the rate of Six (6%) per cent per annum from January 1, 1922, which sum is more than is deposited in the Registry of the Court, accordingly it is ordered, adjudged and decreed by the court that plaintiff, W. D. Haden, do have and recover as against defendants, F. J. Nass and Houston Wholesale Confectionery Company, the sum of Twelve Hundred ($1200.00) Dollars now in the Registry of this court, together with such interest as may have accrued thereon; it is further ordered that the clerk of this court, after deducting the costs herein due him, and the other officers of the court, pay over the balance of said Twelve Hundred ($1200.00) Dollars, with such interest as may have accrued thereon, to W. D. Haden or his attorneys of record, and that upon payment of said sum by the clerk of this court, and upon taking his receipt therefor, the clerk of this court and his official bondsmen are forever released from any and all

further liability by reason of said money having been so deposited in the Registry of this court. It is further ordered by the court that the officers of this court may have their execution against each party hereto for the costs respectively incurred." (The $1,200 mentioned in this judgment was the purchase price of the property in the leased premises at a sale thereof made by agreement of the parties against whom appellee was asserting a landlord's lien on the property.)

Appellant filed a motion for new trial on November 15, 1933, and thereafter by leave of the court filed an amended motion on November 27, 1933. This motion, which was sworn to by the appellant, contains the following averments of facts upon which the prayer for setting aside of the judgment and granting appellant a new trial is based:

"This cause was set for trial on the 13th day of November 1933, and the defendant F. J. Nass was not present for the reason that he was interested in several other cases in the District Courts of Galveston County, the said cases being numbered and styled as follows, to-wit:

"No. ——— Causeway Investment Co. v. F. J. Nass. Trial date October 23, 1933.

"No. ——— F. J. Nass v. Vanderpool, trial date Nov. 28, 1933.

"No. ——— W. D. Haden v. Joseph F. Schaefer et al., trial date November 13, 1933.

"No. ——— W. L. Johnston v. W. G. Amundsen, trial date Nov. 16, 1933. And in making a memorandum of the several settings this defendant thru error noted the trial date of this cause as Nov. 16th, 1933, and the trial date of Johnston v. Amundsen as November 13, 1933, and was not present for that reason. This defendant is widely known in the city of Galveston, was in the said city during all the day of November 13th, 1933, and easily accessible. That his first counsel in this cause was the Hon. Frank S. Anderson of Galveston who prepared and filed his answer herein, and later became General Attorney for the American National Insurance Company of Galveston, and about the middle of May of 1930 handed to this defendant the file in the cause, and on May 30, 1930, the file was handed by this defendant to the law firm of Harris & Watkins of Galveston; that said firm has from time to time worked in his case in an effort to locate the defendant herein, Joseph F. Schaefer, in order to take his deposition, and whose evidence is vital to the defense of this defendant since he, the said Schaefer, was the tenant of the plaintiff, W. D. Haden, the latter asserting that his landlord's lien is superior to the chattel mortgage held by this defendant on goods of the said Schaefer in the leased premises; and this defendant now has reasonable expectation of locating the said Schaefer in the City of Los Angeles, California, having been informed of his residence in that city, and had no knowledge that the said law firm of Harris & Watkins had not filed an amended answer in this defendant's behalf setting up the fact, which this defendant expected to prove, that the lease of said landlord was not in truth and in fact executed on the 30th day of November, 1920, but was in truth and fact executed on the 27th day of October, 1921, the date the same was acknowledged before the notary, M. L. Frost, and that the said notary witnessed the signing of the said lease by the parties thereto on the date of the acknowledgment, and that the prior lease entered into by and between the parties effective April 1st, 1919, at a monthly rental of $340.00 per month for the same premises, was in full force and effect on the date that this defendant's chattel mortgage was registered as reflected by this defendant's original answer herein, and that therefore since the landlord's lien is only superior to the chattel mortgage lien for a period of the first twelve months rents of the rental contract, that this defendant's mortgage lien is superior to the plaintiff's landlord's lien. That the defendant herein, F. J. Nass, called on Harris & Watkins for his file in order to engage other counsel, the said firm having indicated that they would not further represent him, and the file could not be located. It was then that this defendant learned for the first time that Mr. Watkins of the said firm had removed from Galveston to St. Louis, and it became necessary to telegraph him in order to locate this defendant's file in the case, and after a reply received the file was located but too late for proper defense in his behalf to be prepared.

That this defendant had communicated with the attorney in the case of Johnston v. Amundsen and had learned that said cause would not go to trial during this term of court, and for that reason he did not go to the courthouse upon that day and at which time he might have ascertained that this cause was on trial.

"That the failure to file an amended answer in behalf of this defendant is through no fault of his own.

"And that the chattel mortgage pleaded by this defendant in his original answer herein was actually executed between the parties thereto and prior to the placing of the personal property of the mortgagor, therein listed, in the leased premises referred to in the pleadings and therefore is a prior lien over the landlord's lien asserted."

On November 28, 1933, the trial court refused the motion for new trial, and on January 4, 1934, at the request of appellant, filed the following conclusions of fact and law:

"Findings of Fact.

"On the 13th day of November, 1933, this cause came on to be heard at a regular term of Court in its regular order of setting, whence came the plaintiff with his attorneys of record and his witnesses and announced ready and insistent for trial, but none of defendants, nor any counsel representing any of them, appeared; and it appearing to the Court that this suit has been pending on the docket of this Court since the 10th day of March, 1922, and that all parties defendant were, long prior to the October, 1933, term of this Court duly served with process to appear and answer herein and that the defendant Nass filed his original answer in said cause on February 10, 1925, and, further, that said Nass had been twice personally notified by plaintiff's attorneys during the week prior to said November 13, 1933, that this cause was set for trial on November 13, 1933, and that plaintiff would insist upon trial on said date, the Court thereupon proceeded to hear the pleadings and the evidence of plaintiff and concluded that the law and the facts were with plaintiff and that he was entitled to the relief and judgment as shown in the final judgment entered in this cause on said date.

"Thereafter the Court heard and overruled defendant Nass' motion to set aside said judgment and grant him a new trial, and finds as a fact on said hearing said Nass failed to show either diligence or a meritorious defense to plaintiff's cause of action as against him.

"To the above findings of fact and conclusions of law the defendant Nass excepts.

"C. G. Dibrell, Judge Presiding."

Under appropriate assignments and propositions, appellant complains of the ruling of the trial court refusing to grant appellant's motion for a new trial, upon the grounds hereinafter stated.

■ His first complaint is that the motion should have been granted because appellee filed no controverting affidavit to appellant's verified motion for new trial.

We know of no such rule of pleading. The trial court heard testimony offered by both parties upon the question of the truth of the facts alleged in the motion as grounds for setting aside the default judgment. No objection appears to have been made by appellant to such proceedings in the trial court. The cases cited by appellant do not support his contention that unless the motion for new trial is contested by affidavit of the opposing party it must be granted. These cases, when properly understood, simply hold in effect that in the absence of any evidence to the contrary the facts stated in such motion will be taken as true. The question was directly presented and was decided adversely to appellant in the case of Crosby v. Stevens (Tex.Civ.App.) 184 S.W. 705.

Appellant's second and third propositions complain of the finding of the court before set out upon the question of want of diligence by appellant in preparing for the trial.

The fourth proposition complains of the findings of the court on the ground that they are too general.

■ The facts stated by the court in his findings are amply sustained by the evidence and we think fully justified the refusal of the motion on the ground that appellant exercised no reasonable diligence to prepare for the trial of the case, and that he failed to show any reasonable excuse for his failure to be present in person or by attorney on the day the case was set for hearing. Homuth v. Williams (Tex.Civ. App.) 42 S.W.(2d) 1048. See Texas Jurisprudence 556, § 162, and cases there cited.

■ The complaint presented by the fourth proposition, supra, is, we think, without merit. As before said, we think these findings are sufficiently specific. Appellant excepted to the findings when they were made by the judge on the ground of their generality, but he made no request for additional findings on any specific fact issue.

The findings are much more specific than appellant's exceptions. Article 2247a, Vernon's Ann.Civ.St. (Acts 42d Leg. 1931, c. 76, § 2); Hillert v. Melton (Tex.Civ.App.) 64 S.W.(2d) 991; Elam v. Tubre (Tex.Civ. App.) 54 S.W.(2d) 203.

It is apparent from the conclusions we have above expressed that the judgment should in our opinion be affirmed, and it has been so ordered.

Affirmed.