A. L. HAMMER, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 15570.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 10, 1954.

Chas. F. Umphress, Dallas, for appellant.

·H. P. Kucera, Jon H. Shurette, W. M. Parks,· and A. A. McDaniel, Dallas, for appellee.

BOYD, Justice.

This is a suit brought by appellee City of Dallas against appellant A. L. Hammer to condemn a strip of land 12.7 feet by 50 feet off of the front of appellant's business lot. It was agreed that the only issues were the value of the land to be condemned and the damages occasioned to the remaining property by the taking. The jury found the value of the land taken to be $625.00, and failed to find any other damages. Hammer has appealed.

Appellant assigns as error the overruling of his amended motion for new trial setting up the ground of newly discovered evidence, and the exclusion of certain evidence he sought to introduce.

Points one and two relate to the motion for new trial, and will be considered together. The motion was verified and was not controverted. It was duly presented and overruled. Appellant's contention is that when a verified motion for new trial on the ground of newly discovered evidence is not denied under oath, the facts therein alleged must be taken as true; and if the alleged newly discovered evidence constitutes ground for a new trial, it is reversible error to overrule the motion.

■■■ With this general proposition we cannot agree. No attempt was made to excuse the failure to procure affidavits of the witnesses to the newly discovered facts. No evidence was offered on the hearing.

The motion was substantiated only by appellant's verification. We think it constituted only a pleading and not proof of the facts alleged to be newly discovered. Texas Employers' Ins. Ass'n v. Hatton, Tex.Civ. App., 252 S.W.2d 754; McBride v. Willis & Bro., 82 Tex. 141, shown as First Nat. Bank of Sulphur Springs v. Willis in 18 S.W. 205; Southern Pac. Co. v. Hart, 53 Tex.Civ.App. 536, 116 S.W. 415; Nass v. Haden, Tex.Civ.App., 87 S.W.2d 833; Gulf, C. & S. F. Ry. Co. v. Adams, Tex. Civ.App., 121 S.W. 876; Reid v. Clarkson, Tex.Civ.App., 138 S.W. 216; Ruhrup v. Southwest Cigar Co., Tex.Civ.App., 293 S.W. 284; Glascock v. Manor, 4 Tex. 7; Scranton v. Tilley, 16 Tex. 183; Bradford v. Manney, Tex.Civ.App., 133 S.W.2d 601; 31 Tex.Jur., p. 148, sec. 138. Under this record we do not think the overruling of the motion for new trial was an abuse of the court's discretion.

■■■ Moreover, the alleged newly discovered evidence would tender an issue which we think is now moot. It related to the grade of the street after the improvement should have been completed. Appellee's engineer testified that when the improvement shall have been completed, the elevation of the strip of land taken, between the curb and appellant's property line, would not vary more than two inches from its then elevation. In his motion for new trial, appellant alleged that prior to the improvement the elevation of said strip was slightly lower than the sidewalk elevation, with a slope from the sidewalk to the then street level, and that since the trial he had learned that the new elevation would be from seven to nine inches above the level of the sidewalk and the floor of his store, thus creating a drainage problem which no witness took into consideration in testifying as to values and damage to appellant's remaining property. Appellee submits affidavits of two engineers showing that since the trial the improvement adjacent to appellant's property has been completed, and that the testimony of the engineer as to the anticipated elevations was correct. It would therefore seem that the drainage problem visualized by appellant cannot

arise. An appellate court is authorized to receive extraneous evidence to the effect that issues involved in an appeal have become moot. State ex rel. Baughman v. Woodruff, Tex.Civ.App., 106 S.W.2d 1088; McWhorter v. Northcutt, 94 Tex. 86, 58 S.W. 720; A. B. Richards Medicine Co. v. Avant, Tex.Civ.App., 275 S.W. 260. And when an issue has been found to be moot, the court will not proceed to a determination of it. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, and authorities there cited.

By a group of points appellant assigns error in the exclusion of his proffered evidence to show the condition of the parking area in front of his business house before the street improvement was made; the number of cars which could be parked there; that customers bought articles of such size and weight as to require their being hauled by car or truck; and to show that the improvement would interfere with the accessibility of his place of business to cars and trucks. This evidence was offered on the theory that it involved proper subjects of inquiry in arriving at appellant's damages.

The front of appellant's store was twelve feet from the line of the street. A city ordinance provides that a minimum of twenty feet is required for angle or head-in parking, and requires parallel parking in the absence of such space. Appellant did not undertake to show that angle or head-in parking could be had unless part of the street was used for parking purposes.

■ The question seems to be whether the landowner is entitled to damages for the loss of an operation which is in violation of an ordinance, or which could not be carried on without the use of city property. We think there must be a negative answer to that question. City of Sweetwater v. McEntyre, Tex.Civ.App., 232 S.W.2d 434; J. M. Radford Grocery Co. v. City of Abilene, Tex.Com.App., 34 S.W.2d 830; Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743, writ refused; City of San Antonio v. Fetzer, Tex.Civ.App., 241 S.W.

1034, writ refused. Appellant's right to have parallel parking in front of his store will not be affected by the street improvement.

■ One point is that it was error to exclude testimony as to the volume of business done by appellant at the store. Appellant testified fully as to the amount of business transacted at the store, covering gross sales, profits, and the nature of the merchandise sold. We fail to find where appellant offered other evidence as to volume or profits, or as to the nature of the articles generally sold by him. He did offer to prove by three witnesses the kind of articles usually purchased by them, but not what the public generally bought. We do not think this point shows any error.

■ The last point is that it was error to exclude testimony as to the amount of money it would reasonably take to erect a building of the type located at the rear of appellant's store building. Appellant's lot is 50 by 193 feet, bordering 50 feet on the street which was to be improved. His main store building faces the street, covering the width of the lot, and extends 75 feet back from the street. At the rear of the store is a small warehouse. The excluded testimony concerned the cost of erecting a building of its type. There was no showing that the use of the warehouse would be interfered with by the street improvement. It had no access to the street. It was serviced from the back of the store, and possibly by vehicles using an alley at the back of the lot. There was nothing to show that the warehouse would be less accessible after the street improvement than it was before. It was not shown that it would be necessary to remove or rebuild either the store or the warehouse. The size and age of the warehouse were not shown, nor what materials were used in its construction, other than a square marked on a plat introduced in evidence bearing the words, "1-Story Corr. Iron." The excluded testimony was offered in this manner:

"Q. * * * What is your business, Mr. Jonte? A. I'm a builder.

"Q. And what type building do you do? A. I do all kinds of building—commercial and repair. * * *

"Q. * * * Now, are you familiar with the building to the rear of the store building? A. Yes, sir. * *

"Q. Have you built that type building as a contractor? A. Yes, sir.

"Q. About what amount of money would it reasonably take to build a building of that description?"

The witness did not qualify as a real estate appraiser. We do not think that error is reflected by this assigment.

The judgment is affirmed.