**Reversed and Remanded and Majority and Concurring Opinions filed December 5, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00746-CV

---

### NICHOLAS LITINAS, Appellant

### V.

### CITY OF HOUSTON, TEXAS, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1192666**

---

### CONCURRING OPINION

This case has serious consequences for the City of Houston as it seeks to improve its public streets by adding curbs and sidewalks. Many commercial streets have businesses like this florist shop, with head-in parking through the City right of way rather than in a typical parking lot. If the City must pay condemnation damages in this case, it will impact its ability to improve sidewalk access. This case is one of first impression.

I respectfully concur because I do not believe that the City of Houston has supplied the proof that it needs to support its jurisdictional plea. However, I think the City may be able to cure this in the future.

The first question this court must answer is whether a loss of parking spaces falls into the loss of "access" category—the only exception that the Supreme Court has allowed when there is no physical taking. The majority summarizes the many instances where there is no compensable harm—such as when the access is not as convenient. Slip op. at 9. The "materially and substantially impaired test" acknowledges situations in which "normal access remained reasonably available, but access for which the property was specifically intended was rendered unreasonably deficient." *State v. Heal,* 917 S.W.2d 6, 10 (Tex. 1996).

There are no cases concluding that the loss of a parking space is a loss of access. The majority, relying on *City of Waco v. Texland Corp.*, 446 S.W.2d 1 (Tex. 1969), concludes that it is. In *Texland*, large trucks were unable to access the loading dock of the property after the government taking. The owner needed to have truck access for his business. Here, Litinas claims that close-in parking is necessary for his business. He did not address the parking lot immediately adjacent to his property in his response in the trial court, nor did he argue that customers who had to park next door to the building entrance would choose not to shop at his store. His expert's affidavit only addressed the head-in parking spaces. On appeal he argues that the court should not consider the adjacent lot in determining the issue. But it is undisputed that the adjacent lot is already being used for parking for the business.

Although I am inclined to conclude that this is not a loss of access—but merely one of inconvenience—this case arrives to us on a plea to the jurisdiction. The City's motion was incorrect to begin with (incorrectly claiming that all of the parking was in the City right of way) and it was only in reply that the City raised the

2

unpaved parking lot next door. On this record, we do not even know the number of feet from the front door of the business to this adjacent lot.

Assuming that the loss of parking spaces is a loss of access, the court must decide whether or not there has been a "material and substantial loss of access." This is a question of law for the court, not a fact issue for the jury to decide. *See Heal*, 917 S.W.2d at 9. But the City of Houston's jurisdictional plea failed to give the trial court the evidence it needed to make that decision.

In its original motion, the City claimed that the parking was within the City's right of way. This appears to be incorrect on the North Durham side of the property but may be partially correct on the West 28th Street side as the pictures appear to show that the parking spaces may not be deep enough to avoid the City's right of way. If those spaces are in the right of way, then the City has the right to eliminate them without payment of damages. *See Hammer v. City of Dallas*, 273 S.W.2d 646, 648 (Tex. App.—Fort Worth 1954, no writ).

The City has also not provided any evidence of alternative ways for people to park next to the building, such as by parallel parking. The City also failed to provide any estimate of the number of parking spaces on the adjacent lot. Without that evidence, we cannot tell exactly how many parking spaces were eliminated and how many are left—certainly questions for the materiality of the loss of parking spaces.

The majority merely reversed the plea to the jurisdiction. It did not hold as a matter of law that this case establishes Litinas's right to damages in this case.[1] I therefore concur in the court's judgment.

---

[1] And in fact it could not have made that holding as we do not have competing motions for summary judgment. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.