## W. J. WIRTZ v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided November 22, 1910.

**1.—Master and Servant—Duty of Master—Right of Servant.**

When a servant enters the employment of a master he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work and the place where such work is to be performed are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to exercise ordinary care to see whether the master has performed his duty in said respects. He does not assume the risks arising from the failure of the master to do his duty unless he knows of the failure and attendant risks, or in the ordinary discharge of his duty must necessarily have acquired the knowledge.

**2.—Same—Assumed Risk—Erroneous Charge.**

In an action by an employee against his employer for damages for personal injuries alleged to have resulted from a defective place in which to work, charge considered and held abstractly incorrect in that it told the jury that the plaintiff assumed the risk of working in a defective place if by the exercise of ordinary care he ought to have known of the existence of the defects which caused his injury.

**3.—Same—Harmless Error.**

Where it appears from plaintiff's pleading and testimony that he knew of the defects in the place where he was required to work, a charge by the court requiring him to exercise ordinary care to discover said defects would be harmless error.

**4.—Negligince—Custom—Charge.**

A charge making the general use or adoption of a certain method or custom by railroads in the management of their business the standard of ordinary care regardless of whether such method or custom would be adopted by a person of ordinary prudence under the same circumstances, is erroneous.

**5.—Brief—Insufficient Statement—Rules 30 and 31.**

It is incumbent upon an appellant to show by a proper statement in his brief that a charge complained of is not only incorrect in the abstract, but that it probably operated to his prejudice in the trial. Rule applied.

Appeal from the District Court of Colorado County. Tried below before Hon. M. Kennon.

*Adkins & Green,* for appellant.

*Baker, Botts, Parker & Garwood,* for appellee.

McMEANS, Associate Justice.—The following statement of the nature and result of the suit made by appellant in his brief is substantially correct and is adopted:

"Suit by W. J. Wirtz, appellant, against the Galveston, Harrisburg & San Antonio Railway Company, appellee, to recover damages for personal injuries alleged to have been caused by the negligence at night on the morning of the 10th day of July, 1906, while engaged in his duties as a switchman for defendant in its yard at Glidden. Briefly stated, plaintiff alleges that there were a great many switch tracks run-

ning east and west in a general parallel direction to each other, with
intervening spaces of a few feet between them, over and upon said yard;
that said yard was flat and that temporary ditches or trenches were con-
structed at different places at different times to carry off rainfall water,
as occasion required, under the tracks to the spaces between, then down
such spaces until other low places would cause the pooling of the water,
when trenches would be cut from such pools under tracks onto and down
the spaces opposite thereto, and so on until the water from these dif-
ferent pools would reach a big ditch northeast of the entire yard; that
sometimes these ditches or trenches were negligently not refilled, but
left to be refilled by the operation of time, until they would, at times,
degenerate into short spaces or holes; that notwithstanding plaintiff knew
it was the habit of defendant to negligently construct said temporary
drainage ditches at various places over and upon its yard generally, he
did not know the exact location of any of them; that with the yard in
this condition and about 4 o'clock in the morning, while it was dark
and while he was standing at the east end of track No. 4, at the point
where it leaves the lead, a train came in from the east with a disabled
car attached to the rear end thereof, the drawhead on the rear end
thereof being defective; that while the train passed down track 4, he
was ordered by his foreman to proceed down the track to where said
car had stopped and to pull out said defective drawhead in order that
said switch engine might couple onto it with a chain and remove it to
another part of the yard; that in obedience to said order, plaintiff pro-
ceeded along the space north of track 4 until opposite the east end of
said car when he stepped onto the track, and was directed, required,
permitted and ordered by his foreman to take hold of said defective
drawhead and to pull it out of its encasement, and that he attempted
to do so in the usual and customary manner and in the way in which
he was instructed by his foreman; that because of some defect, the draw-
head yielded only partially, which being overcome, said drawhead slipped
nearly out of its encasement so suddenly and with such force as to push
plaintiff backward and into a small unfilled ditch between the rails of
defendant's track some few feet immediately to his rear, by reason of
which he lost his balance, and he was forced to sustain the weight of
the drawhead as it dropped to the front down upon him, mashing him
down and doubling him up, whereby he received his injuries; that it
was at night and dark, and plaintiff could not have seen said ditch, and
he did not know the exact location of same, or that the car has been
stopped in such close proximity thereto, and could not, by the exercise
of ordinary diligence, have known same. Charging that defendant was
negligent in the following respects: In failing to furnish him a safe
place at which to work, in leaving said open ditches over and about its
yard; in leaving open the ditch into which plaintiff stepped; in leaving
said ditches uncovered; in stopping the end of the car, at which plaintiff
was ordered to work, so near to said open ditch as to render it probable
that plaintiff might step into same and become injured; and in failing

to notify plaintiff of the existence of the ditch, and that said car had been stopped in such close proximity thereto, and of the dangers surrounding plaintiff in pulling out said drawhead.

"Defendant answered by general demurrer; special exceptions; general denial; pleas of contributory negligence and assumed risk; that if plaintiff was injured, his injuries were slight and that if he is now suffering, it is caused by disease with which he was afflicted before his said injuries; and again, if he was injured, it was the result of an accident.

"Trial was had before a jury who returned a general verdict for defendant, upon which judgment was entered, and from which appellant prosecutes this appeal."

Appellant's fourth assignment of error is as follows: "The court erred in giving the seventh paragraph of its charge to the jury as follows: 'While the plaintiff assumed the risk of removing the drawhead in the manner in which he attempted to remove it, you are to determine whether he assumed the risk, if any, of attempting to remove it at a place where a trench or ditch, if there, was across or partially across the track near the place where he was at work. So far as assumed risk is concerned, if the plaintiff knew the trench, if there, was at the place where he was at work; or if you find that the plaintiff was familiar with defendant's yard and tracks at Glidden, and you further find that there were shallow ditches or trenches about in said yard, made for the purpose of draining said yard, as alleged by plaintiff, or in the exercise of ordinary care in doing his work in said yard he ought to have known the same; and you further believe from the evidence that by reason of said ditches or trenches in said yard, if there, there was a risk or danger to employees in doing their work in said yard in the usual and customary way, and that under all the circumstances the plaintiff ought to have known and understood such risk or danger, if any, of doing the work at the place and in the manner shown by the evidence, and you further find that the existence of the ditch or trench in question, if there, was the proximate cause of said accident and injury, if any, then under such circumstances the plaintiff assumed the risk, and you will find for the defendant; unless you further find from the evidence that defendant, or a superior entrusted by the defendant with authority to remedy the defect, if any, already knew of such defect or unless you find from the evidence that a person of ordinary care would have continued in the service with the knowledge of the defect and danger, if any, and if you so find, then under the law the plaintiff did not assume the risk, if any, of such defect, if any.'"

The first, second and third propositions urged by appellant under this assignment, criticising the charge complained of, are without merit and are overruled without further comment. The fourth proposition assails that portion of the charge which instructed the jury, upon the issue of assumed risk, that if they found from the evidence that plaintiff knew that the trench, if there, was at the place where he was at work,

or if they found that plaintiff was familiar with defendant's yard and track and that there were shallow ditches or trenches about in said yard, made for the purpose of draining the yard, as alleged by plaintiff, or in the exercise of ordinary care in doing his work in said yard he ought to have known the same; and if the jury further believed from the evidence that by reason of said ditches or trenches in said yard, if any, there was a risk or danger to employees doing their work in said yard in the usual or customary way, and that under all the circumstances plaintiff ought to have known and understood such risk or danger of doing the work at the place and in the manner shown by the evidence, and that the existence of the ditch or trench in question, if any, was the proximate cause of the injury, if any, then under such circumstances the plaintiff assumed the risk, etc. Appellant contends that so much of the charge as charged him with knowledge of the existence of the particular trench into which he alleged he stepped if in the exercise of ordinary care he should have known of them, stated an erroneous and improper rule of law.

The charge, in this particular, is abstractly incorrect. We understand the law to be that when the servant enters the employment of the master he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work and the place where such work is to be performed, are reasonably safe and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether the master has performed his duty in the regard mentioned. He does not assume the risks arising from a failure of the master to do his duty unless he knows of the failure and the attendant risks, or in the ordinary discharge of his duty must necessarily have acquired the knowledge. Missouri, K. & T. Ry. v. Hannig, 91 Texas, 350; Bonnet v. Galveston, H. & S. A. Ry., 89 Texas, 72; Texas & N. O. Ry. v. Bingle, 91 Texas, 287; Texas & Pac. Ry. v. Tuck, 103 Texas, 72; Gulf, C. & S. F. Ry. v. Warner, 22 Texas Civ. App., 167 (54 S. W., 1067).

So much of the charge as told the jury that he assumed the risk if by the exercise of ordinary care he ought to have known of the existence of the trenches, was erroneous and should not have been given. But in view of the pleadings of the plaintiff and the undisputed testimony we cannot say that the erroneous charge was so prejudicial to plaintiff as to require a reversal of the judgment against him. He admits in his petition that he "knew it was the habit of defendant to negligently construct said temporary drainage ditches at various places over and upon its yards generally," and unequivocally testified that he knew of their existence and had so known during the time he worked in the yard, which covered a period of two years. In view of this evidence a charge that he assumed the risk if by the exercise of ordinary care he could have known that the trenches were there, could not have misled the jury or otherwise operated to his prejudice. The assignment is overruled.

Appellant's eighth assignment is as follows: "The court erred in giving defendant's special charge No. 7, as follows: 'If the jury should believe and find from the evidence that the defendant company had its switching yard at Glidden graded and had said yard drained ·in the manner and according to the methods in general use and approved by other standard railroads in .yards of similar character as the switching yard at Glidden, then the failure of the defendant company to adopt some other and different and untried system of drainage would not be such an act as would make the company liable for an accident that might be due to the failure on the part of the company to adopt some other new method of drainage not in general use by other railroads in similar yards.' "

This charge in effect was an instruction that the railway company was not negligent in the method adopted by it for draining the yard, if such method was the same as that adopted and approved by other railroads in similar yards, thereby making the method of draining adopted by the railroads generally the standard of ordinary care regardless of whether such method would be adopted by a person of ordinary prudence under the same circumstances. Charges similar to this have been repeatedly condemned. Gulf, C. & S. F. Ry. v. Smith, 87 Texas, 357; Gulf, C. & S. F. Ry. v. Compton, 75 Texas, 671; Gulf, C. & S. F. Ry. v. Evansich, 61 Texas, 5; Weatherford, M. W. & N. W. Ry. v. Duncan, 88 Texas, 614; Kirby Lumber Co. v. Dickerson, 42 Texas Civ. App., 504 (94 S. W., 156).

We do not see that such a charge could be applicable to any phase of the case as made by the pleadings of the parties. However that may be, it is incumbent upon appellant to show by a proper statement in his brief that the charge complained of is not only incorrect in the abstract, but that it probably operated to his prejudice in the trial. ' The only statement subjoined to the assignment and proposition under consideration is that "The court gave the special charge complained of in this assignment, which is referred to." Rule 30 (94 Texas, 660) requires that each point under each assignment shall be stated as a proposition unless the assignment shall sufficiently disclose the point, and Rule 31 provides that to each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record as will be necessary and sufficient to explain and support the proposition, with reference to the pages of the record. Following an assignment or proposition challenging the correctness of a charge the appellant should make a sufficient statement of the evidence, with reference to the pages of the record, as may be necessary to show not only that the charge was not warranted by the facts proved, but that it probably operated to his prejudice. There is nothing stated under this proposition, or, for that matter, anywhere in appellant's brief, to show that appellant was injured in the manner alleged in his petition or because of any negligent act or omission charged against the railway company, or even to show that he had received the injuries for which

he sued. For aught that appears in any statement made in the brief there may have been no trench at the place where he was at work when he claimed he was hurt, or, if there, that he did not step in it, or that his injuries, if he received any, were not caused in some manner other than that alleged by him. The absence of a proper statement leaves us to conjecture upon the probable effect of the charge or else requires us to go to the record and to there search for some fact proved which would render the charge complained of not only inapplicable but prejudicial. This we are not required by the rules to do. Because of the absence of a sufficient statement following the proposition urged, we think we are warranted in refusing to consider the assignment. What we have said above applies also to appellant's first, second, third, fifth, seventh and tenth assignments of error and the several propositions under each.

The appellant by his ninth assignment of error complains of the action of the court in giving the following special charge at the instance of defendant:

"The jury is instructed that it was the duty of the plaintiff in doing his work to exercise ordinary care for his own safety and protection. If you should find that the defendant's track at said place was defective and that it was due to the failure of the defendant to exercise ordinary care to have the same reasonably safe; yet, if you shall also find and believe from the evidence that the defective condition of the track, if you find it was defective, was known to plaintiff, or in the exercise of ordinary care in doing his work he must have known the same and its attending danger, if any, and his injury, if any, was the proximate result of his failure to exercise that care for his own safety and protection that a person of ordinary care and prudence would have exercised under the same circumstances, then in such case, the plaintiff would not be entitled to recover, and if you so find you will return a verdict for the defendant company."

Under this assignment appellant presents the following proposition: "The servant has a right to assume that the master has placed him at a safe place to perform the duties required of him, and he is not required to inspect or to use ordinary care in doing his work to see that this duty has been performed, and can only be held to have assumed the risk if he knows of such failure as well as the risks attending same; or, in the ordinary discharge of his duties must necessarily have acquired such knowledge."

We think the charge substantially meets the objection urged against it. Appellant contends that the correct rule is that the appellant assumed only such risks as were known to him, or which in the ordinary discharge of his duties he must necessarily have known, and the charge complained of states the rule to be that if plaintiff knew the defects in the track or in the exercise of ordinary care in doing his work he must have known the same and the attendant danger, he assumed the risk, etc. The assignment is overruled.

We have examined all the other assignments presented by appellant in his brief, and find no reversible error in any of them. The judgment of the court below is affirmed.

*Affirmed.* ·

Writ of error refused.