MORRISON v. HAMMACK et al.

(Court of Civil Appeals of Texas. Austin. Nov. 20, 1912. Rehearing Denied Dec. 21, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—FORM.

Where an assignment of error did not specifically point out the part of the proceedings complained of, and was not followed by a proposition and statement subjoined thereto, as required by Court of Civil Appeals rules 25, 31, the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. EXECUTION (§ 172*)—PAYMENT—EVIDENCE.

In a suit to restrain the enforcement of an execution on a judgment entered in 1892, evidence that complainant had long been in such financial condition that the judgment could have been collected as tending to show payment,

in the absence of any showing that the plaintiff in execution had knowledge thereof, was inadmissible.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519, 539; Dec. Dig. § 172.*]

3. JUDGMENT (§ 874*)—PAYMENT TO ATTORNEY.

Payments made on a judgment to an attorney who had not recovered it and had never represented the judgment creditor, and who had never paid over the amount collected, were ineffective as payments on the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1643, 1644; Dec. Dig. § 874.*]

4. NEW TRIAL (§ 150*)—MOTION—VERIFICATION.

A motion for a new trial for newly discovered evidence not verified by affidavit is ineffective.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310; Dec. Dig. § 150.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by T. A. Morrison against J. W. Hammack and others. Judgment for defendants, and complainant appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant. R. F. Moore and McClellan & McClellan, of Gatesville, for appellees.

RICE, J. On the 4th of November, 1911, appellant procured the issuance of an injunction from the district court of said county against J. W. Hammack, constable, and Mrs. Phetna Gregg, returnable to the ensuing term of said court, restraining the sale of a tract of land under execution issued out of justice court precinct No. (1), said county, belonging to appellant pending this litigation, alleging in his petition therefor that theretofore, to wit, on the 28th day of March, 1892, Sam Gregg, now deceased, recovered a judgment in said justice's court against him for the sum of $122.50, with 12 per cent. interest from date and costs, which said judgment had been kept alive by the timely issuance of executions thereon, as provided by law; that said Phetna Gregg, in whose name said writ issued, was the surviving wife of Sam Gregg, deceased, and owner of said judgment, she having made and filed an affidavit of said facts among the papers in said cause prior to the issuance of execution thereon; that on October 2, 1911, execution had issued out of said justice's court upon said judgment, directed to said Hammack as constable, and was levied by him upon 90 acres of land out of the James Evetts survey in said county belonging to appellant, and who advertised the same for sale on the 7th of November, 1911, and who would, in accordance with the command of said writ, sell same if not restrained therefrom; that said judgment was satisfied, he having paid the same to Parker White, the attorney of said Gregg, and the same was no longer a subsisting demand against him; that such sale would cast a cloud upon his title, compelling him to in-

stitute suit to remove same; and that he had no other adequate relief or remedy at law. Wherefore he prayed for the issuance of a writ of injunction, and on final trial that said writ be made perpetual, and that said judgment of the justice's court be reformed so as to show that it had been paid and satisfied. Appellees, after a general denial, specially denied that said judgment had been paid by appellant, and, if same had been paid, that at the time of its alleged payment to White he was not the agent of plaintiffs, and was not authorized to receive same. There was a trial before the court without a jury, who rendered judgment in favor of appellees on this issue, dissolving said injunction, and ordering the sale of said land to proceed in accordance with law, from which judgment this appeal is prosecuted.

[1] Appellant urges in his first assignment of error that the court erred in refusing to permit him to show that his financial condition had long been such that the judgment could theretofore have been collected, if any attempt had been made to do so. Appellees object to the consideration of said assignment, first, because the same does not conform to rule 25 (142 S. W. xii), in that it does not definitely point out the part of the proceedings complained of, and upon which the error is supposed to be based; and, second, because the assignment is not followed by a proposition and statement subjoined thereto, as required by rule 31 of this court (142 S. W. xiii), all of which objections we think are well taken. See rules 25 and 31 of Courts of Civil Appeals; Wirtz v. G., H. & S. A. Ry. Co., 132 S. W. 510; Barnett & Record Co. v. Fall, 131 S. W. 644; A., T. & S. F. Ry. Co. v. Tack, 130 S. W. 596. It is true there is an effort to conform to the rules, but the proposition is more in the nature of a statement, and the statement might be regarded as a proposition, neither of which furnishes any aid to the court in determining the question presented.

[2] Waiving this irregularity, however, we have concluded that the court did not err in excluding the evidence, because the same was immaterial to the issue under investigation. The fact, if it be such, that appellant had been for a number of years in such financial condition as to have paid off the judgment, had the collection of same been prosecuted, does not show, or tend to show, that the same had in fact been paid. It is not made to appear that plaintiff in execution knew of his financial condition, but, on the contrary, it appears that frequent executions had been issued and returned no property found.

[3] We overrule the second assignment complaining of the insufficiency of the evidence to support the judgment. It is true that there is evidence to the effect that the plaintiff had paid part of the judgment to Parker White, giving him his note for the balance, but there is no evidence whatever that at the time of so doing said White was the attorney of plaintiff in execution, or had ever been, or was authorized to receive such money for her or her deceased husband or on her account. On the contrary, it appears that the judgment was obtained by another firm of attorneys, and that White had never represented plaintiff in execution in this matter, and that nothing had ever been paid thereon to herself or husband by White or any one else.

[4] The third assignment urges that the court erred in failing to grant a new trial on newly discovered evidence. The evidence referred to was merely a telegram from the plaintiff himself to the effect that one Vardeman would swear that Parker White was either the agent of Gregg, or had some interest in the judgment. We might disregard this assignment for the reason that it is not briefed in accordance with the rules, in that the same is followed by no proposition or statement; but, waiving this objection urged by appellees, it is only necessary to state that the motion for new trial wherein this matter is set up is not verified by affidavit, either of plaintiff or of Vardeman; nor does appellant bring himself within any of the well-known rules requiring the court below to grant a new trial on the ground of newly discovered testimony. See H. & T. C. Ry. Co. v. Forsyth, 49 Tex. 171; Glascock v. Manor, 4 Tex. 7; Traylor v. Townsend, 61 Tex. 144; Gassoway v. White, 70 Tex. 475, 8 S. W. 117; Moores v. Wills, 69 Tex. 114, 5 S. W. 675.

Finding no error in the judgment of the trial court, the same is affirmed.

Affirmed.