## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. JOHNSON.    (No. 2686.)*

(Court of Civil Appeals of Texas. Texarkana. March, 2, 1923.   Rehearing Denied March 15, 1923.)

**1. Master and servant ⊕105(3)—Placing bar across door of "bobtailed caboose" held negligence.**

Where trainman stepping from a flat car to enter a "bobtailed caboose," or one with a door in the front end and without any platform, stooped to pass under an iron bar placed across the door, and fell between the cars and was killed, evidence showing that other railroads had similar equipment on such cabooses was not sufficient to relieve the railroad company of the charge of negligence in placing the bar across the door; the inquiry being what an ordinarily prudent person would have done under the circumstances.

**2. Master and servant ⊕204(1)—Defense of assumed risk held not available.**

Under Laws 37th Leg. (1921) c. 100 (Vernon's Ann. Civ. St. Supp. 1922, art. 6645), the defense of assumed risk is not available in action for injuries to a trainman caused by negligence in placing an iron bar across the doorway of a bobtailed caboose.

**3. Trial ⊕215—Refusal of special charge instructing what to consider in answering issue of negligence not error.**

In action for death of a railroad employee who fell while stepping from a flat car to the door of a bobtailed caboose, where there was nothing in the evidence to mislead the jury on the issue as to negligence in having an iron bar across the door of the car, there was no error in refusing defendant's special charge instructing the jury what to consider in answering the issue whether defendant was negligent in so placing the iron bar.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Mrs. Minnie Johnson, temporary administratrix, against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Bryan Marsh and Marsh & McIlwaine, all of Tyler, for appellant.

Johnson, Edwards & Hughes, of Tyler, for appellee.

HODGES, J.   The appellee, Mrs. Minnie Johnson, as temporary administratrix, sued the appellant for damages resulting from the death of her husband, W. E. Johnson. The facts alleged and established upon the trial below show that Johnson was at the time of his death employed by the appellant in operating one of its freight trains. The train with which he was connected and on which he was riding when killed consisted of an engine, tender, several box cars, two flat cars,

and what is known as a "bobtailed caboose." The two flat cars were next to and in front of the caboose. A "bobtailed caboose" is described as being one with a door in the front end and without any platform. Across that door was an iron bar, about four feet from the floor, securely bolted at both ends. This opening was used by the trainmen in going from the caboose toward the front end of the train and in returning. The space between the flat car and the door of the caboose was about three feet. At the time of the accident Johnson was endeavoring to re-enter the caboose by stepping from the flat car. Just as he stooped to pass under the bar, he fell between the cars and was run over and killed.

The negligence relied on in the trial below was the placing of the iron bar across the door. That issue was submitted to the jury in the following form:

"No. 4. Was it negligence upon the part of the defendant, as 'negligence' is hereinbefore defined, to place the iron bar across the door in question?"

The jury answered in the affirmative.

Two principal questions are presented in this appeal. In one the appellant challenges the sufficiency of the evidence to support the finding above referred to. The other is based upon the refusal of the court to give a special charge instructing the jury what to consider in answering that question.

There was practically no conflict in the testimony concerning the material facts. It is conceded that under the regulations of the Interstate Commerce Commission the appellant had a right to operate a "bobtailed caboose," or one without a front platform. The important question is: Was it negligence to place an iron bar across the doorway as was done in this instance? It is not contended that the authority to use that kind of a caboose included the right to thus obstruct the doorway. Just why this bar was put across that door is not made entirely clear. Counsel for appellant contend that it was for the protection of the employees while riding in the caboose. That, however, seems unlikely, because no such protection appears to have been needed. If we may indulge in inferences from the testimony adduced and the physical facts shown to exist, the probability is this bar was put there to remind employees when passing out through that door that this caboose had no platform at that end, and to prevent them from thoughtlessly stepping into the space intervening between the caboose and the next car. That the presence of the bar rendered passage in and out of the caboose more inconvenient, and incidentally more dangerous, can hardly be doubted.

[1] Testimony was presented by the appellant showing that other railroads had similar equipments upon cabooses of that kind; but there was no such general use shown as

to settle the issue of negligence in the appellant's favor. In determining whether or not a particular thing is negligence the inquiry is, not what other railroad companies have done, or are doing, but what an ordinarily prudent person would have done under the same or similar circumstances. Ry. Co. v. Foth, 101 Tex. 143, 100 S. W. 171, 105 S. W. 322; Ry. Co. v. Alexander, 103 Tex. 594, 132 S. W. 119; French v. S. W. Tel. & Tel. Co., 110 Tex. 505, 221 S. W. 570; Ry. Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; Skelton v. Wolfe (Tex. Civ. App.) 200 S. W. 901; Wirtz v. Ry. Co., 63 Tex. Civ. App. 72, 132 S. W. 510.

[2, 3] There is in this case no question of assumed risk. Under the Act of 1921 (Gen. Laws 37th Leg. c. 100; Vernon's Ann. Civ. St. Supp. 1922, art. 6645) that defense is not available. The appellee adduced evidence tending to prove that this particular method of obstructing the entrance to the caboose rendered ingress more hazardous. However, the physical facts were such that the jurors might have arrived at that conclusion from a common knowledge of such mechanical conditions. The fact that this bar was placed there to protect those employees who were in the caboose was not, alone, sufficient to justify the appellant in making entrance from the outside more dangerous to others. The jury had a right to conclude that some other method, equally as effective for protecting those within the caboose and less dangerous to others outside, might have been adopted. The conduct of the appellant must be measured by these general rules which determine whether or not it has performed its legal duty to its employees, in providing a safe place in which to work, considering the safety of all those to be affected.

At the instance of the appellant the court gave to the jury the following special charge:

"You are charged in connection with question No. 4 that, although you may believe from the evidence that it would have been safer for the trainmen in entering the car had there been no bar across the end door, yet if you believe from the evidence that the defendant in the exercise of ordinary care and caution reached the conclusion and determined that the bar would add to the greater safety of its employees while operating the train, then it will be your duty to answer the question, 'No.'"

Several other special charges relating to the same issue were requested by the appellant and refused. Each refusal is the basis of an assignment of error.

In their argument counsel for appellant invoked the rule announced in the case of Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, and subsequent cases. Those decisions hold, in substance, that a defendant is entitled to have his special defenses affirmatively presented to the jury by the court if specially requested. In the McGlamory Case

the facts were submitted in a general charge. That was also true in the later case of Ry. Co. v. Gorman, 245 S. W. 418, recently decided by the Commission of Appeals. Here the controlling issue of fact is stripped of all other questions and specially submitted—was the defendant, under all the circumstances, guilty of negligence in having the iron bar across the door of that car? The only legal standard for determining what conduct is negligence, and what is not, had been given to the jury as a guide in a manner which is not objected to. The issue was as clean-cut and as plain as it could be made. There was nothing in the testimony or other protions of the charge to confuse or mislead the jury upon that issue. There was no special facts which needed any judicial explanation. A juror who would not, unless specially directed, consider all the legitimate uses to be made of that caboose by all of the employees connected with the train, would be incompetent for lack of mental capacity. But if such special direction was called for, it was given in the special charge above quoted.

We are of the opinion that the substance of charges such as those here under discussion falls more within the domain of argument of counsel than within the province of the court in giving instructions from the bench. Where unclouded issues of fact are specially submitted, the giving of such charges tends more to confuse than to aid jurors in their deliberations.

There was no error in refusing the charges requested, and the judgment will be affirmed.