## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. AUSTIN.   (No. 2792.)

(Court of Civil Appeals of Texas. Texarkana. June 21, 1923.)

**1. Trial ⚫�篇350(1)—Denial of instruction as to master's negligence in selection of method of rewheeling locomotive held not error.**

In an action for injuries to an employee while engaged in rewheeling a locomotive, re-

fusal to submit an issue as to whether the method adopted was usually or customarily pursued, or such as an ordinarily prudent person would have adopted under similar circumstances, *held* not error, in view of an instruction that defendant was not guilty of negligence if the manner in which the locomotive was being wheeled was the usual manner, and that an ordinarily prudent person would have proceeded similarly.

**2. Trial ⚫�篇240, 260(8)—Denial of instruction as to method of rewheeling locomotive held not error.**

In an action for injuries to an employee while engaged in rewheeling a locomotive, an instruction that, though the jury might believe that another described way to wheel the locomotive would have been safer, and plaintiff would not have been injured, defendant was nevertheless not guilty of negligence if the method adopted was such as an ordinarily prudent person under similar circumstances would have adopted, *held*, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, properly denied as being argumentative, and sufficiently covered by other instructions given.

**3. Trial ⚫�篇253(9)—Instruction as to employer's negligence held properly denied as ignoring facts.**

In an action for injuries to an employee, an instruction to find defendant not negligent if the servant who was operating a crane in connection with the work did not know, or could not by ordinary care have known, of the danger to plaintiff, *held* properly denied where such person was acting under foremen who were assisting, and whose possible knowledge of the danger was not considered in the instruction.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Pink Austin against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

This was a suit by appellee for damages for personal injury he suffered while discharging duty he owed appellant as a "machinist helper" in its shops at Tyler. It appears from the statement in appellant's brief that appellee—

"was engaged in assisting to put drivewheels under an engine and boiler frame. There are pedestal jaws extending downward from the frame of a locomotive, and there are driveboxes on each side of each axle inside of and next to the wheels through which the axle turns. The pedestal jaws fit over the driveboxes and the lost motion between the jaws and the box is taken up by an iron shoe on the front side and an iron wedge on the back. The method adopted by the appellant in rewheeling locomotives was to place the locomotive over a pit and then raise it by means of an electric hoist. The shoes were wedged to the pedestal jaws by driving flattened nails between the flange of the shoe and the jaw so that the shoe would be held to the jaw while the frame was

lowered. While the locomotive was suspended the wheels were placed under it so that the jaws of the frame would fit over the drive-boxes. Appellee was under the pit while the locomotive was being lowered and one of the shoes became loosened and fell upon his foot, thereby causing the injury."

Appellee agrees that the statement set out above is correct and fair with an addition thereto as follows:

"The testimony developed that there were two methods of rewheeling a locomotive in appellant's shops at Tyler, one as stated by appellant, and the other was to lower the frame onto the drivebox and then shove the shoes up between the pedestal jaws and the drivebox, but that this was a slower way of doing the work, because each shoe had to be handled separately, while in the method adopted when appellee was injured all the shoes were wedged to the pedestal jaws and placed at the same time."

Appellee alleged, and the jury on special issues submitted to them found, that in lowering the locomotive frame on the occasion of the accident the iron shoe struck against the drivebox and was thereby loosened so it would fall, and that appellant was guilty of negligence which was a proximate cause of the accident (1) "in wedging the iron shoe on the pedestal jaws by driving flattened nails between the flange of the shoe and the jaws and letting the frame down on the drivebox," and (2) "in raising the frame without having again wedged shoe so that it would hold when the frame was raised." The jury having further found that appellee was damaged in the sum of $3,000, judgment was rendered in his favor for that amount.

Bryan Marsh and Marsh & McIlwaine, all of Tyler, or appellant.

Simpson, Lasseter & Simpson, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). Each of the three contentions presented by the assignments is based upon the action of the trial court in refusing instruction to the jury requested by appellant.

·[1] It is insisted, first, that the court erred when he refused appellant's request to submit to the jury an issue as to whether the method it adopted "for fastening the shoe to the jaws of the frame" was the method it "usually and customarily" pursued "while wheeling its locomotives over the pit in question and with the crane used at the time of the accident," and an issue as to whether, if it adopted that method, an ordinarily prudent person would have adopted it under similar circumstances. We think appellant has no right to complain of the refusal of its request, in view of the fact that the court at its instance instructed the jury in effect, to find it was not guilty of negligence in wedging the shoe and lowering the frame as it did if "the manner in which the locomotive

was being 'wheeled' at the time plaintiff was injured was the manner in which such locomotives were usually 'wheeled' when the 'wheeling' was done with the crane then being used, and that an ordinarily prudent person would have under similar circumstances fastened the shoe on the jaws of the frame by driving nails between the flange of the shoe and the jaws and let the frame down on the driving box as was done when plaintiff was injured."

[2] There being testimony that there was another and safer way to put the drivewheels under the locomotive than that adopted by appellant on the occasion of the accident, it is next insisted that the court erred when he refused to instruct the jury that, although they might believe from the testimony "that the safer way to wheel the locomotive would have been to let the frame down on the box and when this was done push the shoe up between the box and the jaw of the frame, and that had this method been adopted plaintiff would not have geen injured," to find (in effect) that appellant was not guilty of negligence in fastening the shoe to the jaw of the frame and letting the locomotive down on the drivebox, as it did on the occasion of the accident, if an ordinarily prudent person would have adopted that method under similar circumstances. The contention is overruled. · If the court did not properly refuse to give the instruction because it was argumentative, he did because the instructions he gave the jury with reference to the issue to which it applied were sufficient. Article 1984a, Vernon's Statutes; Ry. Co. v. Johnson (Tex. Civ. App.) 249 S. W. 1092; American Nat. Ins. Co. v. Nussbaum (Tex. Civ. App.) 230 S. W. 1102; Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

[3] The other insistence is that the court erred when he refused to instruct the jury that, although they believed from the testimony "that its servant who was operating the crane at the time raised the frame without again having wedged the shoe so that it would hold when the frame was raised," to find, in effect, that appellant was not guilty of negligence because he did so, unless they further believed from the testimony that "said servant at the time he raised the frame knew, or by the exercise of ordinary care could have known, that the shoe had become loosened from the frame and that it would not hold when the frame was raised." It is not clear from the testimony which one of appellant's employés was operating the crane at the time of the accident. The testimony of the witness Beam, who was the foreman of the gang of men engaged in "wheeling" the engine, indicated that either he or one Frizzell was operating the crane. The general foreman, one Corbett, was also present, and it was in compliance with his and Beam's instructions that appellee and one Richardson were in the pit. It was not error to refuse

the instruction, because it would have required the jury to find that appellant was not guilty of negligence in the respect to which it referred if they believed that the man operating the crane did not and by the exercise of care could not have known the shoe had become loosened, notwithstanding they might believe from the evidence that one or both of the other men present and directing or assisting in the work knew or in the exercise of care should have known that the shoe had become loosened.

There is no error in the judgment, and it will be affirmed.