## TEMPLE LUMBER CO. v. FELTS et al. (No. 1040.)

(Court of Civil Appeals of Texas. Beaumont. March 26, 1924. Rehearing Denied April 9, 1924.)

1. Appeal and error ⟨⟩1001(1)—Finding of fact supported by some evidence sustained.

A finding of fact, supported by some evidence, will be sustained on appeal.

2. Boundaries ⟨⟩37(1)—Evidence held to support finding as to disputed boundaries.

Evidence *held* to support a finding as to location of disputed boundaries.

3. Boundaries ⟨⟩3(3)—Calls for course and distance yield to calls for natural and artificial objects.

In locating land lines, calls for course and distance must, in cases of conflict, yield to calls for natural and artificial objects.

4. Boundaries ⟨⟩3(3)—That described trees have disappeared does not authorize fixing boundary by calls for distance.

That described trees, located in the corners of the disputed land, have disappeared does not authorize limiting the lines and location of the boundaries by calls for course and distance, where there is evidence establishing the previous location of the trees.

5. Boundaries ⟨⟩35(2)—Showing location by general reputation held proper.

Testimony showing the location of a boundary by general reputation *held* proper.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Action by W. E. Felts and others against the Temple Lumber Company. From a judg-

ment for plaintiffs, defendant appeals. Affirmed.

Goodrich, Davis & McWilliams, of Hemphill, for appellant.

Kennerly, Williams, Lee & Hill, of Houston, and Jas. G. Barker, of Hemphill, for appellees.

O'QUINN, J. This is a boundary suit involving about 42½ acres of land off of the east end of the Martha Bullock 320-acre survey in Sabine county. The only question for determination is the true location of the east boundary line of the Martha Bullock survey; the appellees contending that it is the line "A, B," as shown on a plat of said survey introduced in evidence, while the appellant contends that it is the line "C, D," as shown on said plat of said survey. The strip of land between these two lines is the land in controversy.

The record contains the following agreement between the parties:

"It is agreed between the parties to this cause that the only question involved for determination is the true location of the east boundary line of the Martha Bullock survey, and that the defendants (appellants) owned title to the land lying immediately east of said line, and the plaintiffs (appellees) owned the land lying immediately to the west of said line."

The case was submitted to the jury upon the following special issue:

"Question No. 1: What is the true east line on the ground of the Martha Bullock survey as originally located by the surveyor E. P. Beddo, in making the corrected field notes of said Martha Bullock survey, on December 1, 1862—the line A, B, as claimed by plaintiffs, or the line C, D, as claimed by defendants?"

The jury answered, "The line A, B," upon which judgment was entered for appellees.

Appellant presents three propositions, all to the effect that the verdict of the jury is contrary to the evidence, is without evidence reasonably sufficient to support it, and that the judgment is contrary to the law and the evidence.

[1] The only question in the case being one of fact, and the jury having found that against appellant, if there is any evidence in the record supporting their finding, the judgment must be affirmed.

[2] The Martha Bullock survey was patented March 30, 1863. The corrected field notes upon which the patent was issued are dated December 1, 1862. The northeast and southeast corners of the survey are the ones in dispute. The field notes in the patent, and, in fact, all the field notes in evidence, at the northeast corner call for "a stake from which a red oak mkd X brs S. 19° W. 3 vrs." At the southeast corner the call is for "a corner from which a white oak mkd X brs N. 13° W. 22 vrs. also a white oak mkd X brs S. 71° W. 22 vrs."

The testimony developed that these trees are not now standing, but some four or five witnesses, including former owners of the land, testified that these trees previously stood at the corners claimed by appellees to be the northeast and southeast corners of the Bullock survey. They testified most positively to having frequently seen the red oak at the northeast corner and the two white oaks at the southeast corner. The timber had been cut and the trees were gone, but the witnesses clearly identified them as having stood as called for in the patent. The line claimed by appellees to be the east line of the Bullock, the line from "A" to "B" was shown to have been an old marked line, the marks found along it being as old, apparently, as those found and not disputed on the other lines of the Bullock survey. The northeast and southeast corners, as claimed by appellants and as represented by the line "C, D," according to appellant's own witnesses, are new corners. The line "C, D," according to said witnesses, is a new line—only two or three years old.

S. D. Waldrip, witness for appellants, among other things, testified:

"I am a surveyor by occupation and have been for 33 years. I have been temporarily employed by the Temple Lumber Company for this case only. I was called upon to make a survey of the Martha Bullock and adjoining surveys, with a view of determining the east boundary line of the Martha Bullock. * * * From that point (the southwest corner) we ran a course due east. We checked the distances as we went and measured it. Before reaching the final corner called for, I passed some marked trees and a subdivision corner of the Bullock. We found some old marked trees along that line. From my experience as a surveyor, I say those were old marks. That distance checks 1,467 varas, and we came to a corner, which is the northeast corner of section 3 and one of the northwest corners of section 4. We found a post oak there standing at the proper place from the corner and a bearing tree with very old marks. That point was a northwest corner of section 4. From that point we went east 55 varas and found a new corner there. I looked all around for the bearing trees called for in the field notes, and there were place of white oaks there but it had been cut. They had probably made staves or something in there, as the timber had been cut pretty badly all around. * * * I determined from my surveying that that was the southeast corner of the Bullock. From there we went north, following the course in the field notes. I found nothing along that line except a new line. It was a very plainly marked line, two or three years old, I would judge, or something like that."

He further testified:

"I did not say it was an old marked line leading from the southeast corner of the Martha Bullock going north; I said it was a new line."

Recross-examination:

"That new line is a line running from a point 55 varas east of the northeast corner of section No. 3, T. & N. O. That is the east boundary line of the Bullock as claimed by the Temple Lumber Company. That is a new line, and would be represented on that plat by the line 'C, D,' the line between the red and the yellow. * * * That a new line was the east boundary line of the Bullock as claimed by Temple Lumber Company."

R. 'G. Goodrich, witness for appellant, testified:

"I am a surveyor by occupation, and I work for the Temple Lumber Company. I am in their employment. About a week ago Mr. S. D. Waldrip and myself made a survey of the Martha Bullock with a view to determine its eastern boundary line. Our work is represented in that map which has been introduced in evidence. * * * The line A, B on the plat introduced by the plaintiffs correctly shows the east boundary line of the Bullock as claimed by the plaintiffs. * * * At a distance of 1,522 varas from the southwest corner of the Martha Bullock, we found a new corner some two or three years old. That corner is the southeast corner of the Martha Bullock as claimed by the defendant. Leading north from that point is the east boundary line of the Bullock, as claimed by the Temple Lumber Company. That is a new line."

Appellants locate the Bullock survey entirely by course and distance. Their witness Goodrich, a surveyor, testified:

"In locating that survey * * * I did go course and distance where it would check out. I used that method principally in locating the east boundary line because we couldn't find anything else to be governed by."

He further testified:

"You can't find anything at the northeast corner. It is on a road, and at the southeast corner there is no evidence."

Appellees contend that when the natural or artificial objects called for in the field notes of a survey and located upon the ground, or if not found, their previous location accounted for, course and distance must yield thereto.

[3-5] The rule is well settled that, in locating land lines, calls for natural or artificial objects will control calls for course and distance; that is to say, that calls for course and distance must, in case of conflict, yield to calls for natural and artificial objects. Stafford v. King, 30 Tex. 272, 94 Am. Dec. 304; Thatcher v. Matthews, 101 Tex. 124, 105 S. W. 317. The mere fact that the witness' trees at the northeast and southeast corners have disappeared does not authorize the limiting of the lines and location of the boundaries by calls for distance, as contended by appellant. The record contains evidence about as certain and satisfactory as could reasonably be expected under the circumstances, establishing the previous location of the red oak at the northeast corner and the two white oaks at the southeast corner of the survey, and the old marked line extending between the two points, as well as the unquestioned northwest and southwest corners and the old marked lines between them; hence there is no authority for limiting the lines or establishing the boundaries by calls for course and distance. Houston Oil Co. v. Choate (Tex. Civ. App.) 215 S. W. 122 (affirmed by Supreme Court, 232 S. W. 285). Moreover, the uncontradicted testimony of some eight witnesses showing the location of the east boundary line of the Martha Bullock survey by general reputation was proper, and goes to sustain the verdict of the jury. Clark v. Hills, 67 Tex. 141, 2 S. W. 356.

Appellant cites us to the case of Development Co. v. Stanburg (Tex. Civ. App.) 248 S. W. 108, as an authority that course and distance should control in this case. That decision was by this court. In that case there was no evidence showing the previous location of the natural and artificial objects called for in the field notes at the corners contended for by appellees therein, nor was there any evidence showing the previous location of these natural and artificial objects at any place other than that claimed by the appellants. Judge Walker said:

"It is the well-established rule in this state that generally the natural and artificial objects called for in the field notes of a survey are of controlling importance in locating it on the ground; but, when such objects cannot be found, *nor their previous location accounted for*, the survey should be located by the calls for course and distance." (Italics ours.)

In the case at bar, while the natural and artificial objects have disappeared, their disappearance and location have been accounted for; hence the cited case is not only not an authority for appellant's contention, but is authority that, being accounted for, they should control course and distance. The Stanburg Case is in line with Houston Oil Co. v. Choate Case, cited supra.

We think the verdict of the jury is amply supported by the evidence, and that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.