## RUHRUP v. SOUTHWEST CIGAR CO.
### (No. 1998.)

Court of Civil Appeals of Texas.  El Paso.
March 24, 1927.

New trial ⬡—150(1)—In absence of affidavit as to part of motion setting up newly discovered evidence, granting new trial therefor held error.

Where part of motion for new trial setting up newly discovered evidence was not verified, granting new trial therefor *held* error.

Appeal from Dallas County Court at Law, No. 2; Wm. M. Cramer, Judge.

Action by the Southwest Cigar Company against Mrs. C. A. Ruhrup. Judgment for defendant, and from an order granting a new trial defendant appeals. Reversed and remanded, with instructions.

W. A. Hudson and H. J. Yarborough, both of Dallas, for appellant.
Fred J. Dudley and Wm. Madden Hill, both of Dallas, for appellee.

PELPHREY, C. J.  The Southwest Cigar Company, a corporation, sued Mrs. C. A. Ruhrup, a feme sole, trading as Maye Drug Store of Toyah Reeves county, Tex., in the justice of the peace court precinct No. 1, Dallas county, Tex., on a sworn account for $167 and 15 per cent. attorney's fees, as per a signed order for cigars purchased by the said Mrs. C. W. Ruhrup from said Southwest Cigar Company.

This suit was filed August 9, 1925, and citation issued on the 12th day of September, 1925, and was served by the sheriff of Reeves county, Tex., on the 18th day of September, 1925.

H. J. Yarborough, attorney for Mrs. Ruhrup, on February 6, 1926, filed a sworn answer pleading payment, and upon the same day a jury trial of the case resulted in a verdict in favor of Mrs. Ruhrup.

Appellee appealed to the county court of Dallas county at law No. 2, and on March 2, 1926, the case was tried before a jury and submitted on special issues. The following was the only issue submitted to the jury:

"Special Issue No. 1: Were the checks aggregating $167 introduced in evidence therein accepted by the plaintiff's salesman in full settlement of the account herein sued upon? Answer 'Yes' or 'No.' "

This issue was answered by the jury in the affirmative, and the court rendered judgment thereon that appellee take nothing by its suit. Appellee filed a motion for a new trial setting forth several grounds. The court overruled said motion with the exception of section D of paragraph 5, which set forth the fact that the checks in question had been presented, subsequent to the trial of the cause, to the bank upon which said checks were drawn, and that payment had been stopped on said checks by appellant, and prayed that a new trial be granted in order that testimony of such fact might be introduced on a new trial.

A new trial was granted and from that order Mrs. Ruhrup has appealed.

### Opinion.

The motion for a new trial was sworn to by F. W. Cooney, but his affidavit was limited to paragraph B of the motion, and nowhere do we find a verification of that part of the motion setting up newly discovered evidence. In the absence of an affidavit the court cannot consider the motion for a new trial for newly discovered evidence. Ginners' Mut. Underwriters of San Angelo, Tex., v. Wiley & House (Tex. Civ. App.) 147 S. W. 629 (error refused); Morrison v. Hammack (Tex. Civ. App.) 152 S. W. 494 (error refused); McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 829.

We find no other tenable grounds assigned for a new trial in the motion, and conclude that the new trial should not have been granted.

The judgment granting a new trial is reversed and cause remanded, with instructions to render judgment for appellant.