**KRIDER et ux. v. HEMPFTLING et al.**
**No. 10933.**

Court of Civil Appeals of Texas. Galveston.
Feb. 8, 1940.

84

John R. Cox and Lewis Fisher, both of Houston, for appellants.

Miller & Rutta, of Columbus, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action of trespass to try title brought by appellees, John L. Hempftling and David Gustafson, as plaintiffs, against appellants, G. F. Krider and wife, as defendants, to recover the title to and possession of lots Nos. 3, 4, and 5 in Block 19 of the platted subdivision of the P. K. Bartleson Survey in Colorado County, Texas, containing 15 acres of land, and for damages.

Appellees pled a formal suit in trespass to try title. Appellants answered by general demurrer, general denial, and a plea of not guilty. They specially pled the ten years' statute of limitation, Art. 5510, Revised Civil Statutes. In answer thereto, by supplemental petition, appellees pled that the lots constituting the 15 acres in controversy were surrounded by lands claimed and fenced by them and that said land had never been segregated, or in any manner separated by fences, but was embraced in an enclosure with appellees' other lands and that no part of said 15 acres had been cultivated or used by appellants for agricultural or manufacturing purposes.

One special issue was submitted to the jury, that of adverse possession under the ten years' statute of limitation. The jury answered said special issue in favor of appellees. Based on this verdict, the court rendered judgment in favor of appellees for the title to and possession of the land sued for.

The land involved herein consists of three lots of five acres each, located in a tract of 1125.1 acres out of the S.W. Quarter of the P. K. Bartleson survey of a league and labor of land. Appellees relied for recovery on and introduced in evidence, a chain of title from the sovereignty of the soil into themselves. Appellants relied mainly upon their defense of adverse possession of the land in controversy under the ten years' statute of limitation. They contended that the verdict of the jury was unsupported by the evidence and that the court erred in admitting in evidence certain instruments relied upon by appellees in their chain of title.

Under their first proposition appellants assign error in the action of the trial court in admitting in evidence, over their objections, a deed from W. H. Getzendaner et

al. to J. R. Westmoreland conveying said tract of 1,125.1 acres, of which the land in controversy is a part, and a deed from Westmoreland conveying said land to George D. Wallace, for the alleged reason that the description of the land conveyed by said deeds does not cover the land involved in this suit.

The description of said 1,125.1 acres of land in each of said deeds calls to begin at a point in the S.E. line of the Bartleson survey, in the center of the Eagle Lake and Frelsburg public road, and to run thence S. 48½ W. 2,682 varas along the S.E. line of said Bartleson survey to a post in the N.E. side of the Eagle Lake and Ramsey public road and 22 varas N. 48½ E. of the N. boundary line of the Southern Pacific railroad; thence S. 41¾ W. along the N.E. side of said public road 2,362 varas to a stake; thence N. 48½ E. 2,690 varas to a point in the center of the Eagle Lake and Frelsburg public road; thence S. 41½ E. along the center of said public road to the beginning, containing 1,125.1 acres of prairie land.

It will be noted that the deeds in question each convey and describe said land by both field notes and artificial objects. The particular call upon which appellants' objections are based is: "Thence S. 41¾ degrees W. along the N.E. side of said public road 2362 varas to a stake." This call for course "S. 41¾ W." is in conflict with remainder of the call, "along the N.E. side of said public road", for the reason that if the call for course is followed and the call for said public road is ignored, the description does not include any portion of the land in controversy or in fact land in the Bartleson survey. On the other hand, the testimony in the record shows that said road at this point runs north 41¾ degrees west and that if the call for course in said second call be reversed to read "N. 41¾ degrees W." 2,362 varas from the post on the N.E. side of the Eagle Lake and Ramsey public road, referred to in the first call of said field notes, along the N.E. side of said public road, said field notes will close, all lines called for will reach the corners called for therein and will terminate at the beginning point, and said 1,125.1 acres of land will be perfectly described in each of said deeds.

The question to be determined, therefore, is whether said two deeds contain a sufficient description to enable the land intended to be conveyed thereby to be identified with sufficient certainty to be considered in appellees' chain of title.

■ The rule is well settled in this state that, in locating land lines, in case of conflicting calls, the order of dignity and control is: (1) Calls for natural objects; (2) calls for artificial objects; and (3) calls for course and distance, and that calls for course and distance must, in case of conflict, yield to calls for natural objects and artificial objects. Krider v. Wintermann, Tex.Civ.App., 108 S.W.2d 452; Stafford v. King, 30 Tex. 257, 94 Am.Dec. 304; Thatcher v. Matthews, 101 Tex. 122, 105 S. W. 317; Temple Lumber Co. v. Felts et al., Tex.Civ.App., 260 S.W. 228.

■ Further, it is held that a deed will not be declared void for uncertainty of description if it is possible by any rules of construction to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. Rhoden et al. v. Bergman et al., Tex.Civ.App., 75 S.W.2d 993; 8 R.C.L. page 1074.

■ In 14 Texas Jurisprudence, p. 987, it is said: "The description in a deed or contract, while it need not in itself fully and definitely identify the property conveyed, must contain certain sufficient particulars to afford or point out the means whereby identification may be completed by parol evidence."

■ In 14 Texas Jurisprudence, page 989, it is said: "The rule generally for determining the sufficiency of description contained in a deed is that if there is enough to enable a party familiar with the locality to identify the premises intended to be conveyed, to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that by applying it to the land it can be found and identified."

■ It was the manifest purpose of the parties to each of said instruments to convey land out of the Bartleson survey. There is no conflict in said field notes in so far as calls for distances are concerned and the record shows that if the call for course in said second call is changed so as to conform with calls for the artificial objects and distances called for, the descriptions in said deeds can be made to perfectly describe and identify the 1,125.1 acres of land in question. It follows that the descriptions in said deeds, with the aid of extrinsic evidence, are sufficient to

identify upon the ground and convey to the grantees named therein said 1,125.1 acres of land, and thus carry out the purpose and intent of the makers of said instruments, and that the trial court committed no error in permitting said deeds to be considered in appellees' chain of title.

Appellants assign error in the action of the trial court in permitting appellees to show that other suits were filed against them involving the title to other land in the 1,125.1 acre tract above referred to.

We have carefully considered the evidence pointed out in appellants' brief under this proposition, but have failed to find any reference to other suits filed against them. There are references in appellants' testimony to the claim by them to other land in said survey, however, the record shows that this testimony was first offered by appellants themselves and brought out more fully by appellees on cross-examination.

It is the settled rule in this state that a party, on appeal, may not complain of the admission of incompetent or improper evidence where he himself has offered or bought out the same evidence or evidence of similar character. 3 Tex.Jur. page 1032.

Further it is held that where one party introduces evidence in regard to an irrelevant matter the other party may not only inquire of the witnesses concerning it but he is entitled to introduce evidence otherwise inadmissible in rebuttal thereof. 17 Tex.Jur. page 370.

Appellants contend that the trial court committed reversible error in permitting the introduction of the will of Matilda N. Giles, relied upon by appellees as a link in their chain of title, for the alleged reason that Thomas D. Giles acquired only a life interest in the certificate under which the Bartleson survey was located under said will.

Said certificate was transferred by a regular chain of title to Mrs. Matilda N. Jacobs, who was shown to have been subsequently married to Thomas D. Giles. By her will she bequeathed said certificate to her said husband by devising to him all of her personal property. Said will provided that, in the event Thomas D. Giles should die soon and without being married again, the property given him should go to the Natches Female Orphan Asylum. Said will was probated in October, 1868, in Adams County, Mississippi, and a copy with the probate thereof was recorded in Colorado County, Texas, on March 16, 1899.

The record does not show that said certificate was ever sold, or that any other person either claimed it or the land on which it was located. The patent to said land was issued to Peter K. Bartleson, his heirs or assigns, on February 27, 1874. On August 1, 1874, Thomas D. Giles conveyed the lower one-half of the P. K. Bartleson survey to C. R. Johns & Co. Said deed recited that said Giles had become possessed of and was the owner of all personal property of Matilda N. Giles, including the land certificate under which the land involved in this suit was located.

The language of the will in which testatrix devised to Thomas D. Giles all of her personal property does not bear out appellants' contention. While the devise is subject to the contingency that if he died soon and without being remarried again said personal property would go to an asylum, the record is devoid of any evidence showing that Thomas D. Giles did die soon thereafter, but that, on the contrary, he executed a conveyance to a part of said land six years later.

There is a further provision in said will which directs that all property be left together and managed by the executors until the legacies therein provided for had been paid. While this is a direction that none of said property could be sold until said legacies were paid, it will be presumed from the subsequent sale of said property by him, that the executors under said will had discharged their duty and kept said property together until all of said legacies had been paid, and that Thomas D. Giles did not have said land located under said certificate and sell the lower half thereof until all the debts and legacies of the estate had been paid.

Further, after the lapse of more than 70 years since the probate of said will it will be presumed that said legacies were paid, in the absence of evidence in the record to the contrary. In any event, they are by now barred and not enforceable.

By their sixth proposition appellants assign error in the action of the court in overruling their motion to strike the deposition of David Gustafson, for the reason

that said deposition was not kept in the files of the case in the district clerk's office.

 The above deposition was returned and filed by the district clerk of Colorado County on September 9, 1934. Nine terms of court elapsed before the trial of the case in February, 1939. On February 13, 1939, an unverified motion to quash said deposition was filed by appellants' counsel. There is nothing in the record to show that said motion was ever presented or that the court ruled thereon. When said deposition was offered in evidence in the trial of the case, counsel for appellants objected thereto, "for the reason the deposition was not in the clerk's office as required by Art. 3763 of the Revised Statutes of this state." The record does not show that said deposition was not among the papers of the cause or that counsel for appellants was prevented from reading it. The above assignment is overruled.

Under their seventh proposition appellants assign error in the action of the trial court in not granting appellants a new trial or entering judgment in their favor upon the grounds of newly discovered facts in connection with the probate of the will of Matilda N. Giles.

This action was filed by appellees on August 24, 1933. Trial was had on February 13, 1939. The documentary evidence, including the certified copy of the will of Matilda N. Giles, constituting the chain of title relied upon by appellees, was filed in this suit August 28, 1934, nearly five years before the trial. Neither appellants' original or amended motion for a new trial is verified, nor is there any showing in the record that any evidence was offered by appellants in support of said motion. There is no showing that knowledge of the existence of the claimed new evidence was acquired after the trial, or that their failure to produce it was not due to any want of diligence on appellants' part, or that such evidence was not discovered and obtained in time to be used when the case was tried, or that the claimed new evidence was material.

■ It is the settled rule in this state that the applicant for a new trial, on the ground of newly discovered evidence, must show that knowledge of the existence of the new evidence was acquired subsequent to the former trial and that it was not due to want of diligence that such evidence was not discovered and obtained in time to be used when the case was tried; that the new evidence is material and not merely cumulative, and that if admitted it would probably change the result upon another trial. 31 Tex.Jur., page 90, section 81.

■ It must further be shown that diligence was exercised to procure the testimony for use at the former trial, and the burden is upon the movant to show that he exercised the required diligence. 31 Tex.Jur., pages 95–97, section 84.

■ Further, a motion for new trial on grounds of newly discovered evidence must be verified. Wichita Home Ins. Co. v. Montgomery, Tex.Civ.App., 4 S.W.2d 1041; Ruhrup v. Southwest Cigar Co., Tex. Civ.App., 293 S.W. 284; Haskins v. Henderson, Tex.Civ.App., 2 S.W.2d 864.

Under the above facts, the jury having found on evidence deemed to be sufficient that appellants had not had adverse possession of the land in controversy, cultivating, using and enjoying the same for a period of ten years prior to the filing of this suit, and appellants having failed to show any error in the record which requires a reversal of the judgment, the judgment of the trial court will be in all things affirmed.

Affirmed.